(80 South. 885)

No. 21854.

BRIAN v. HARPER.

(Feb. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. LIBEL AND SLANDER ⊂⇒25, 84—READING OF PUBLICATION—ALLEGATION.

Plaintiff, suing for damages from an alleged libelous publication in a weekly newspaper over defendant's signature, was not required, in stating his cause of action, to allege that publication was actually read by any one, as a libel committed by newspaper publication is accomplished when the publication goes into circulation.

2. LIBEL AND SLANDER ⊂⇒83—PUBLICATION —SUFFICIENCY OF PETITION.

Petition in action for a newspaper libel, showing that defendant did not believe publication to be true, the annexed publication containing insults and damaging statements referring to plaintiff by name, and alleging statements to be false, libelous and malicious, stated cause of action, though not alleging that defendant knew statements were false, or that he had not probable cause for believing that they were true.

3. LIBEL AND SLANDER ⊂⇒33 — DAMAGES — AMOUNT—RECOVERY.

In action for libelous publication by newspaper, alleging damages from humiliation and wounded feelings, damages are allowable without proof of the amount, in view of Civ. Code, art. 1934, relating to assessment of damages in an action ex delicto, as it is not possible to prove money damages from injury suffered.

4. LIBEL AND SLANDER ⊂⇒120(1)—PUNITIVE DAMAGES—RECOVERY.

In a civil suit for damages from a libelous newspaper publication, there is no right to recover punitive damages.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Action for libel by Hardy L. Brian against S. J. Harper. From a judgment maintaining an exception of no cause of action, and dismissing the suit, plaintiff appeals. Reversed and remanded for trial.

John H. Mathews, of Alexandria, for appellant.

Julius T. Long, of Winnfield, for appellee.

O'NIELL, J. The plaintiff appeals from a judgment maintaining an exception of no cause of action and dismissing his suit for damages for an alleged libel.

The defendant's argument, in support of his contention that plaintiff's petition does not disclose a cause of action, is threefold, viz.:

First. It is not alleged that any one read the alleged libel published by defendant.

Second. It is not alleged that defendant knew that the publication was false, or that he acted without probable cause for believing it to be true and for publishing it as true.

Third. Although it is alleged that "on account of the publication and circulation of these false, malicious and libelous charges, petitioner has suffered injury and damages to his feelings and reputation," it is not alleged that he suffered great or considerable injury to his feelings or damage to his reputation.

Opinion.

[1] The plaintiff was not required, in stating his cause of action, to allege that the

publication complained of was actually read by any one. It is alleged that the defendant wrote the defamatory article and caused it to be published, over his signature, in a weekly newspaper, the Winnfield Sentinel, published in the town of Winnfield, in Winn parish, La., and that defendant gave large circulation to the issue of the newspaper containing the publication, in the parish of Winn and in Grant and Caldwell. It is too well settled to require citation of authority that a libel committed by publication in a newspaper is accomplished when the publication goes into circulation. When the libeler thus has sent his missiles broadcast, the presumption is that some of them have hit the mark.

[2] Regarding the defendant's second argument, it is true the plaintiff did not allege that the defendant knew that the statements he published were false, or that he had not probable cause to believe the statements to be true. But the petition sets forth a cause of action without the allegation that defendant knew the statements he published were false, because it is alleged, in substance, that he had not probable cause for believing that they were true. The context of the petition discloses that defendant did not believe to be true the publication which is alleged to be false. The publication itself, annexed to the petition, contains several insults and damaging statements referring to the plaintiff in name. It is alleged that each and every one of the derogatory statements is false, libelous and malicious, and was written and published and circulated by defendant through hate, spite, ill will and malice on his part towards plaintiff, for the express and malicious purpose of defaming, libeling and slandering plaintiff; and that the publication did injure plaintiff's reputation and feelings to the extent of $10,000. If those allegations are true, the defendant is liable in damages to plaintiff. It would be utterly inconsistent to say that one who

has purposely and maliciously injured another by publishing a false, injurious and insulting accusation against him might justify his act by showing that he had probable cause for believing that the statement he published was true. The only statutory plea in justification, in an action for damages for libel or slander, in this state, is the truth of the accusation complained of. Rev. Stat. art. 3640. Defendant relies upon an expression in Dickinson v. Hathaway, 122 La. 644, 48 South. 136, 21 L. R. A. (N. S.) 33, to the effect that an allegation that the publisher of a false and libelous statement acted with malice towards the plaintiff does not imply that the publisher had not just cause to believe that the statement was true. That doctrine is not supported by any other decision in our jurisprudence and is contrary to a number of rulings on the subject. The expression was not the basis of a decision and cannot be regarded as authority, the court having found that there was no publication of the alleged libel in the case.

[3] There is no merit in defendant's third argument in support of his exception of no cause of action. Plaintiff alleged that he had suffered damages to the extent of $5,000 in humiliation and wounded feelings, and $5,000 in injury to his reputation. The assessment of damages for an injury resulting ex delicto, or from an offense or a quasi offense, which cannot be measured in money, is left largely to the discretion of the judge or jury. Civil Code, art. 1934. Damages, therefore, are allowed in an action for libel or slander, without proof of the amount—for it is not possible to prove the amount in money—of the injury suffered. Perret v. New Orleans Times, 25 La. Ann. 170; Staub v. Van Benthuisen, 36 La. Ann. 467; Williams v. McManus, 38 La. Ann. 161, 58 Am. Rep. 171; Weil v. Israel, 42 La. Ann. 962, 8 South. 826; Savoie v. Scanlon, 43 La. Ann. 973, 9 South. 916, 26 Am. St. Rep. 200; Wimbish

v. Hamilton, 47 La. Ann. 254, 16 South. 856; Mequet v. Silverman, 52 La. Ann. 1374, 27 South. 885; McClure v. McMartin, 104 La. 507, 29 South. 227; Sandoz v. Veazie, 106 La. 216, 30 South. 767; Fatjo v. Seidel, 109 La. 703, 33 South. 737; Covington v. Roberson, 111 La. 336, 35 South. 586.

[4] The plaintiff in this case claims $5,000 punitive or exemplary damages, for which, under several recent decisions, there is no right of action in a civil suit.

As to the demand for $10,000 actual damages, however, the petition discloses a cause of action.

The judgment appealed from is annulled, and it is ordered that this case be remanded to the district court for trial, according to the views expressed in this opinion.