Plaintiff alleges in his petition that the defendants, Tommy Campbell and C.P. Malone, operated a gambling establishment and dinner club under the name of Gormly's Dinner Club near the City of Lake Charles between the dates of February 25th and April 1, 1944; that in said establishment dice games and other games of chance were operated, the betting in said games being generally made by the patrons on the one hand and against said establishment which owns and runs dice and other games of chance for profit. It is further alleged that between the above dates one C.D. Doss, who was an agent and employee of plaintiff and known to be such by the defendants, drew eight drafts on plaintiff aggregating the sum of $1312.75 which drafts were drawn by said Doss to meet pay rolls, and which drafts were paid by plaintiff in due course; that said drafts were drawn by said Doss to his own order and were cashed by defendants and the proceeds thereof were used by said Doss in the gambling establishment of defendants for gambling purposes, or to pay gambling debts incurred in said establishment, all to the knowledge of the defendants; that said Doss had been on a gambling spree with funds belonging to his employer and obtained in a similar manner since the fall of 1943, to the knowledge of the defendants.
It is alleged that in drawing and cashing said drafts with defendants and using the proceeds thereof, the said Doss was committing an unlawful act and was misappropriating the funds of his said employer to the actual and constructive knowledge of the defendants, and in so cashing said drafts with the knowledge of the purpose for which the money was being used, the defendants were participating, assisting and encouraging said Doss in said unlawful acts, and for that reason, the defendants are liable, in solido, with said Doss for the amount of loss which plaintiff sustained in paying said drafts, not knowing *Page 628 
of the misappropriation being made of his funds by said Doss. The drafts are annexed to the petition, and have notations on the margins as to the purpose for which they were drawn, being for labor, etc., between certain dates.
An exception of no right or cause of action was sustained by the trial court and the suit dismissed. From this judgment, plaintiff has appealed.
There is another case on appeal to this court entitled Little v. Dalovisio, 20 So.2d 634, in which the issues are the same as in the above suit, and it is agreed that the same decree shall be entered in each case.
[1] It is well established that for the purpose of considering an exception of no cause or right of action, all well pleaded facts are to be taken as true for the purpose of deciding the exception. Applying that rule to the petition in this case we are of the opinion that a cause of action is set out against the defendants for at least two reasons.
In the first place, if as alleged in the petition, the defendants knew that Doss was cashing these drafts and using the money to gamble in their place of business wherein their establishment was profiting by taking a cut, or betting against the patrons (of whom Doss was one), then the defendants were clearly assisting and encouraging Doss in the misuse of his employer's funds. They were participating in the proceeds of the drafts, knowing that the funds were being misappropriated by Doss, if the allegations of the petition are true.
[2-4] Article 2324 of the Civil Code makes a person liable as a co-tort-feasor who assists or encourages another in the commission of a wrongful act. There could hardly be a clearer case of one person assisting and encouraging another in the commission of a wrongful act where such person cashes a draft for another person and the person cashing the draft and making the funds available not only knows that these funds are being misappropriated but actually profits from the transaction by reason of the spending of the proceeds in his place of business. The knowledge charged to the defendants is not a conclusion, but is a fact to be proved as any other material fact must be proved in a case. The circumstances relative to the nature and number of the drafts cashed, the opportunity of the defendants to know the relation of Doss to his employer and the practice which he had followed a few months before these transactions of going on gambling sprees with his employer's funds, are factors to be considered in determining whether or not the defendants had knowledge of the manner in which the money lost in their establishment was obtained by Doss from his employer.
[5] Under the common law of torts, an employer may recover against a third person for funds misappropriated by an employee and lost by such employee in a gambling game with such third person or in his place of business. Annotations, 2 A.L.R. 345. The case of The Carrie Converse and Owners v. Fritig et al., 27 La. Ann. 117, cited and relied on by the defendants, is not similar to the alleged facts in the present case for the reason that the defendants in the cited case were not charged with knowledge that the funds lost in their establishment were embezzled by the loser who was an employee of the plaintiff, or that these funds belonged to a third person.
In the second place, if the defendants are not liable as joint tortfeasors under the allegations of the petition, they would be liable for the value or amount of the drafts paid by plaintiff under Sections 5 and 6 of Act No. 226 of 1924, known as the Uniform Fiduciaries Act. Section 5 provides in substance that where an agent or fiduciary has authority to draw a check or bill of exchange in the name of his principal, the payee or person cashing the check or bill of exchange is not required to inquire whether the fiduciary is committing a breach of his obligation as fiduciary unless he takes the instrument withactual knowledge of such breach or with knowledge of such factsthat his action in taking the instrument amounts to bad faith. Section 6 makes the same provision where the fiduciary draws the instrument and it is made payable to himself, or is made payable to a third person and by him transferred to the fiduciary.
If we accept as true the allegations of the petition, the defendants not only had actual knowledge that the agent Doss was committing a breach of his obligation as fiduciary, but they also had knowledge of such facts that their action in cashing said drafts, the proceeds thereof to be used in their establishment for gambling, amounted to bad faith. Whether or not plaintiff can prove the facts alleged to show knowledge on the part of defendants, or prove *Page 629 
such facts and circumstances as would make their action amount to bad faith, is a matter to be determined on the trial of the case.
For the reasons assigned, it is ordered that the judgment appealed from be reversed and set aside, and it is now ordered that the case be remanded to the district court for trial, according to law and the views herein expressed; defendants to pay the cost of the appeal, and all other costs to await the final termination of the case.