444 So.2d 618 (1984)
Bruce E. MAYER
v.
VALENTINE SUGARS, INC., et al.
No. 83-C-1388.
Supreme Court of Louisiana.
January 16, 1984.
Rehearing Denied February 15, 1984.
*619 Wood Brown, III, Montgomery, Barnett, Brown & Read, Brad G. Theard, Hebert & Abbott, New Orleans, for applicant.
Ernest Lee Caulfield, Joel P. Loeffelholz, New Orleans, for respondent.
John L. Dorsey, New Orleans, for amicus curiae.
DENNIS, Justice.
By this suit an employee attempts to allege a cause of action in intentional tort against his employer. The trial court sustained the employer's exception of no cause of action because of the conclusory manner in which he alleged the element of intent: the employee merely alleged that the employer's officers knew to a substantial certainty that their acts in violation of safety regulations would cause an explosion which injured the plaintiff. In order to avoid the general rule that an employee's exclusive remedy for a job related injury is worker's compensation, the employee *620 must prove that the injury resulted from an intentional act. La.R.S. 23:1032; Bazley v. Tortorich, 397 So.2d 475 (La. 1981). The court of appeal reversed, partially basing its opinion on La.C.C.P. art. 856.
We agree that La.C.C.P. art. 856 is controlling and conclude that the issue presented should be decided exclusively on this ground. Art. 856, in pertinent part, provides: "... Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." The official revision comment notes that a person's malice, intent, knowledge or other condition of mind cannot be particularized, can only be raised through a general allegation thereof, and that this has been held to be sufficient under the jurisprudence. Parks v. Winnfield Life Ins. Co., 336 So.2d 1021 (La.App. 3rd Cir.1976); Cf. Brian v. Harper, 144 La. 585, 80 So. 885 (1919). Little v. Campbell, 20 So.2d 627 (La.App. 1st Cir.1945); See Federal Rule of Civil Procedure 9(b). Consequently, it was permissible for the employee to plead the intent element of his intentional tort cause of action generally and without particularity.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. La.C.C.P. art. 927; Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976); Elliott v. Dupuy 242 La. 173, 135 So.2d 54 (La.1961); Johnson v. Edmonston 383 So.2d 1277 (La.App. 1st Cir.1980).
Accordingly, the plaintiff's allegation that he was injured by an intentional act set forth a well pleaded fact because intent may be alleged generally. Accepting this and other well pleaded facts in the petition as true, plaintiff has sufficiently stated a cause of action for recovery due to a personal injury resulting from intentional acts by the defendant's employees.
Defendant argues that it should be permitted by the exception of no cause of action to penetrate the plaintiff's general allegation of intent to demonstrate that plaintiff's injuries did not in fact result from an intentional act. This is the function of a motion for summary judgment, however, and not that of an exception of no cause of action. See La.C.C.P. art. 966. As Judge, later Justice, Cardozo stated: "The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial." Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110 (1926). To attain this end, art. 966 permits a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, answers to interrogatories, and admissions omissions on file show that there are no genuine issues of material fact to be tried. See 6 Moore's Federal Practice 56.04[1].
Defendant finally argues that, since the court of appeal held in a prior appeal in this case that the plaintiff's petition failed to state a cause of action for lack of allegation of intentional injury, the law of the case rule prevents the plaintiff from raising the same issue again. The "law of the case" rule is merely a court practice usually applied at the appellate level in regard to parties who have had the identical issue presented and decided previously by that appellate court in an earlier appellate proceeding in the same case. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The law of the case rule cannot supplant the Code of Civil Procedure provision which clearly affords the plaintiff a right to remove the objection of a successful peremptory exception by amendment of the petition. La.C.C.P. art. 934. Since plaintiff has amended his petition in accordance with art. 934, the law of the case rule cannot be invoked.
Out of caution, we note that this opinion does not in any way change the *621 plaintiff's burden of proof in prosecuting his intentional tort cause of action. In order to succeed, he must still prove that the person who acted either (1) consciously desired the physical results of his act or (2) knew that that result was substantially certain to follow from his conduct. Bazley v. Tortorich, supra. It is only in pleading his cause of action that La.C.C.P. art. 856 assists him by providing that he may allege intent generally.
For the reasons assigned, the judgment of the court of appeal, 430 So.2d 1068, is affirmed.
AFFIRMED.
MARCUS, J., dissents.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
While summary judgment is the better vehicle on which to consider the "intentional act" variety of employees' tort claims, there is a category of cases where the issue may be resolved on an exception of no cause of action. The present case is one of those, because the allegations in the petition and the various amended petitions simply do not allege intentional acts; the substance of plaintiffs' petition and amended petitions, even as skillfully and artfully drawn as they are, is that the courts are urged to believe that the defendants intended to blow up the plant. Since such a conclusion is patently absurd, the petition does not state a cause of action.
Therefore, I respectfully dissent.