446 So.2d 476 (1984)
Joseph FABRE
v.
KAISER ALUMINUM AND CHEMICAL CORPORATION, William Cook, E.J. Cappel, Joseph Lupe and XYZ Executive Officers.
No. CA 1130.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Harry E. Forst, New Orleans, for plaintiff-appellant.
William S. Penick and C. William Bradley, Jr. of Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendants-appellees.
Before SCHOTT, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiff appeals from a judgment of the district court which sustained the defendant's exception of no cause of action and dismissed plaintiff's suit. We reverse the ruling of the district court and remand the case for further proceedings consistent with this opinion.
*477 The sole issue is whether the plaintiff's petition states a cause of action for the intentional acts of the defendants, so as to avoid the exclusive remedy rule of the Louisiana Workmen's Compensation Act. R.S. 23:1032.
Joseph Fabre was an employee of Kaiser Aluminum and Chemical Company from November 9, 1956 until February 7, 1983 when he was discharged. In 1982, plaintiff contracted hepatoma (lung cancer). He filed suit against his employer to recover workmen compensation benefits (Doc. No. 43-463C). He also filed this action for damages against his employer and certain named executive officers. Following his death on April 9, 1983 his widow was substituted as plaintiff in both lawsuits.
In this petition, the plaintiff makes the following allegations which he contends state a cause of action for the "intentional acts" of the defendants:

3.
* * * * * *
At all jobs, plaintiff was exposed to dangerously high levels of toxic materials and other inherently dangerous materials, chemicals and irritants in the normal routine course of his work.

4.
That the defendant, Kaiser Aluminum and its executive officers were aware and should have been aware that these dangerous conditions would cause your petitioner to suffer from cancer as a result of said exposure but failed and refused to so advise your petitioner. That furthermore these defendants withheld from plaintiff knowledge of the dangers of the toxic materials to his health.

6.
That in addition to the foregoing acts of intentional concealment and fraud, these defendants are guilty of the following:
a) failing to reveal and knowingly concealing critical medical information to your petitioner;
b) failing to reveal and knowingly concealing the inherent dangers in the use of toxic materials in their manufacturing process;
c) intentionally depriving petitioner of necessary protective equipment;
d) other acts which may be revealed at the trial of this matter.
Defendants committed these intentional acts knowing full well that plaintiff's injuries were substantially certain to follow.
Louisiana Revised Statute Title 23 Section 1032, as amended, provides in pertinent part:
"The rights and remedies herein granted to an employee ... on account of an injury ..., shall be exclusive of all other rights and remedies ... against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal ...
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act. (Emphasis Supplied)

* * * * * *
Thus, in order to avoid the general rule that an employee's exclusive remedy against his employer for a job-related injury is workmen's compensation, the employee must prove that the injury resulted from an intentional act. An "intentional act" within the meaning of the Louisiana Compensation Act has been construed to mean the same as an "intentional tort" with reference to civil liability. R.S. 23:1031, et seq. Bazley v. Tortorich, 397 So.2d 475 at 480 (La.,1981).
In the Bazley decision, supra at 481, the Louisiana Supreme Court defined the disjunctive test to be utilized in determining the existence of "intent":
The meaning of "intent" is that the person who acts either (1) consciously desires the physical result of his act, *478 whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself. Restatement (Second) of Torts, supra, Sec. 8; LaFave and Scott, Criminal Law, Sec. 28 (1972); see also, Prosser, supra. Sec. 8.
We now consider the sufficiency of the plaintiff's allegations.
An exception of no cause of action tests the legal sufficiency of the petition and is triable on the face of the petition. C.C.P. Art. 927. Haskins v. Clary, 346 So.2d 193 (La., 1977). For purposes of the validity of this exception all well pleaded allegations of fact are accepted as true and if the allegations set forth a cause of action as to any part of the demand the exception must be overruled. Haskins v. Clary, supra.
Accepting as true the allegations of fact presented in plaintiff's petition, it would appear that a cause of action is stated for the "intentional acts" of the defendant, in that the plaintiff alleges that the defendant acted, knowing "full well that plaintiff's injuries were substantially certain to follow."
The defendant, however, contends that this language merely constitutes conclusionary allegations and is, therefore, insufficient. We cannot agree.
This precise issue was addressed by the Louisiana Supreme Court in its latest pronouncement on this subject. In the case of Mayer v. Valentine Sugar, Inc., et al., 444 So.2d 618 (La., 1984), the court stated:
The trial court sustained the employer's exception of no cause of action because of the conclusory manner in which he alleged the element of intent: the employee merely alleged that the employer's officers knew to a substantial certainty that their acts in violation of safety regulations would cause an explosion which injured the plaintiff.
* * * * * *
We agree that La.C.C.P. art. 856 is controlling and conclude that the issue presented should be decided exclusively on this ground. Art. 856, in pertinent part, provides: "... Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." The official revision comment notes that a person's malice, intent, knowledge or other condition of mind cannot be particularized, can only be raised through a general allegation thereof, and that this has been held to be sufficient under the jurisprudence. Parks v. Winnfield Life Ins. Co., 336 So.2d 1021 (La.App. 3rd Cir.1976); Cf. Brian v. Harper, 144 La. 585, 80 So. 885 (1919). Little v. Campbell, 20 So.2d 627 (La.App. 1st Cir.1945); See Federal Rule of Civil Procedure 9(b). Consequently, it was permissible for the employee to plead the intent element of his intentional tort cause of action generally and without particularity.

* * * * * *
Therefore, accepting the well pleaded facts in the petition as true, we find that plaintiff has sufficiently stated a cause of action for recovery due to the personal injury resulting from the intentional acts of the defendants.[1]
As in Mayer, supra, defendant argues that it should be able to go beyond the general allegations of intent in order to demonstrate that the plaintiff's injuries did not result from the defendant's intentional act. The Supreme Court addressed this issue by stating:
This is the function of a motion for summary judgment, however, and not that of an exception of no cause of action. See La.C.C.P. art. 966. As Judge, later Justice, Cardozo stated: "The very object of a motion for summary judgment is to separate what is formal or *479 pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial": Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110 (1926). To attain this end, art. 966 permits a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, answers to interrogatories, and admissions, omissions on file show that there are no genuine issues of material fact to be tried. See 6 Moore's Federal Practice 56.04[1]. Mayer v. Valentine Sugar, supra at p. 620.
Defendant also argues that the petition is deficient in that it fails to allege with particularity those acts and omissions characterized as fraud. We agree that fraud must be pleaded with particularity, however such an objection is properly addressed by an exception of vagueness. C.C.P. Arts. 856, 926. Such an exception is not now before this court.
For the reasons assigned the judgment of the trial court is reversed. The matter is remanded for further proceedings consistent herewith. Costs of this appeal are assessed against defendants. Other costs to await the final outcome of the litigation.
REVERSED AND REMANDED.
NOTES
[1] This opinion renders moot the alternative allegation of the plaintiff that he should be afforded an opportunity to amend his petition in order to state a cause of action.