450 So.2d 733 (1984)
Lloyd BRADSHAW, Sr.
v.
ANCO INSULATION, INC., et al.
No. 83-CA-796.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
*734 Anthony L. Glorioso, Glorioso & Fleming, New Orleans, for Lloyd Bradshaw, Sr., plaintiff-appellant.
Allen H. Danielson, Jr., Berrigan, Danielson, Litchfield & Olsen, New Orleans, for Anco Insulation, Inc. and Zurich Ins. Co., defendants-appellees.
Before BOUTALL, CHEHARDY and DUFRESNE, JJ.
BOUTALL, Judge.
This appeal arises from a tort claim by an injured worker against his employer. From a judgment in favor of the defendant, dismissing the suit on a peremptory exception of no cause of action, the plaintiff has appealed.
The plaintiff, Lloyd Bradshaw, Sr., allegedly was injured while employed as an insulator by Anco Insulations, Inc. ("Anco"), when a safety bar broke on the scaffold upon which he was standing and he fell twenty feet. He filed suit against Anco and its insurer, Zurich American Insurance Co., alleging that Anco's employees intentionally installed the bar improperly, knowing that the consequences were substantially certain to result. The defendant filed an exception of no cause of action which was sustained. This appeal followed.
The issue before this court is whether the plaintiff's petition states a cause of action against an employer for an intentional tort. Unless an employee can prove that his work related injury resulted from an intentional tort, his employer is immune from tort liability and the employee's remedy is limited to worker's compensation. LSA-R.S. 23:1032; Bazley v. Tortorich, 397 So.2d 475 (La.1981); Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
The court in Bazley v. Tortorich, supra, made an exhaustive study of employers' immunity and intentional tort. It concluded, at 482:
"... The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.... Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result...." [Citations omitted.]
In that case the plaintiff's petition failed to allege the essential elements stated above. In the more recent case of Mayer v. Valentine Sugars, Inc., supra, the Court reiterated the requirements of the Bazley decision, but held that the plaintiff's petition was sufficient.
In Mayer v. Valentine Sugars, Inc., supra, the trial court had dismissed the suit because the allegations of the petition constituted a conclusion of law. The court of appeal, after remand to allow amendment of the petition, which was again dismissed, held that the following allegations were sufficient to state a cause of action for intentional tort, as follows:
"continuously operating such machinery with knowledge and belief that the resulting fire, explosion and resulting injuries were substantially certain to follow."

*735 "continuously operating the said Valentine factory and/or defective, worn, dilapidated equipment with knowledge that the fire, explosion and resulting injuries and/or consequences were certain, or substantially certain to follow."

Mayer v. Valentine Sugars, Inc., 430 So. 1068 (La.App. 4th Cir.1983), at 1070.
The Fourth Circuit and the Supreme Court reasoned that La.C.C.P. art. 856 is controlling, as it provides that intent of a person may be "alleged generally." Indeed, the official comment to the revision of article 856 states that intent or other condition of mind, "cannot be particularized, and can only be raised through a general allegation thereof." The Supreme Court concluded that:
"Accordingly, the plaintiff's allegation that he was injured by an intentional act set forth a well pleaded fact because intent may be alleged generally. Accepting this and other well pleaded facts in the petition as true, plaintiff has sufficiently stated a cause of action for recovery due to a personal injury resulting from intentional acts by the defendant's employees." Mayer v. Valentine Sugars, Inc., supra, at 620.
The defendant in the case before us urges that the plaintiff's allegations are conclusory and do not contain assertions of facts to support the allegations of intent. He urges that the plaintiff's allegations bear only a "tenuous" resemblance to those in Mayer.
The pertinent allegations of Bradshaw are as follows:
"... In connection with this work other employees of the defendant, Anco Insulations, Inc., had erected scaffolding upon which petitioner and other employees were to perform their duties. The said employee who erected the scaffolding tied down the safety bars with wire rather than properly installing the safety bars with the required hardware equipment. Additionally, the safety bars installed by said employees were not the proper equipment for said usage."
"The said employees whose names are presently unknown to petitioner, believed that the physical result of their acts were substantially certain to follow what they did."
"At all times pertinent herein, the employer (sic) of Anco Insulation, Inc. and his immediate supervisor erected the scaffold described herein and in the manner described herein intentionally. Furthermore, said employee and his immediate supervisor knew that the consequences of the faulty erection of said scaffold were substantially certain to result because of said intentional acts."
We disagree, and find that the allegations of fact in the plaintiff's petition are quite similar to those in Mayer and are sufficient to state a cause of action in intentional tort. As the Mayer case is the latest utterance of the Supreme Court on the issue of injured workers' claims in tort, this court is bound by that decision in evaluating the plaintiff's petition.
Accordingly, the judgment appealed from is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.