459 So.2d 1337 (1984)
Jeannie M. CUPP, Individually, and as the Natural Tutrix of the Minor Child, Russell G. Cupp, Jr., Plaintiff-Appellant,
v.
FEDERATED RURAL ELECTRIC INSURANCE CO., et al., Defendant-Appellee.
No. 83-1049.
Court of Appeal of Louisiana, Third Circuit.
November 28, 1984.
Rehearing Denied January 4, 1985.
*1338 Charles Wagner, Pineville, Chris J. Roy and Michael Shannon, Alexandria, for plaintiff-appellant.
Brittain & Williams, Joe Payne Williams, Natchitoches, for defendant-appellee.
Before FORET, DOUCET and KNOLL, JJ.
DOUCET, Judge.
This appeal involves two wrongful death actions. The first was filed by Jeannie M. Cupp, individually, and as the natural tutrix of the minor child, Russell G. Cupp, Jr. The second was filed by Bobbie Jean Ryder on behalf of the minor children Randall Cupp and Angela Cupp. Among the named defendants were the decedent's employer, S & D Construction Co. and its insurer, Federated Rural Electric Insurance Co., who are the appellees on this appeal. Because the issues in Mrs. Cupp's suit (No. 83-1049) are identical to those in the suit filed by Mrs. Ryder (No. 83-1050) both cases will be considered in this opinion. See also 459 So.2d 1341.
Randall Cupp was fatally electrocuted on February 20, 1981 while participating in the task of changing reclosure switches on high voltage power lines. The plaintiff-appellants both filed identical wrongful death actions against several defendants, including the decedent's employer, S & D Construction Co. and its insurer, Federated Rural Electric Insurance Co., which were subsequently consolidated for trial. These wrongful death petitions alleged that workmen's compensation is not the exclusive remedy because the decedent's death was *1339 caused by the "intentional act of the decedent's employer". S & D Construction Co. and Federated Rural Electric Co. filed a peremptory exception of no cause of action and a motion for summary judgment. The motion argues that the decedent's death was not caused by the intentional acts of S & D Construction Co. and that there are no genuine factual issues pertaining to this fact. After a hearing on the matter the trial court sustained the peremptory exception of no cause of action because the plaintiffs did not sufficiently allege the intent of S & D Construction Co. and granted the motion for summary judgment because the available evidence leads to the inevitable conclusion that the decedent's death was not intentionally caused by S & D Construction Co. The plaintiff-appellants perfected this appeal.
The plaintiff-appellants specify two assignments of error. First, the appellants contend that the trial court erred when it held that their petitions did not sufficiently allege a cause of action in wrongful death. Secondly, the appellants argue that the trial court erred when it concluded that there was no genuine factual dispute concerning the issue of the defendant's intent in causing his death that would render the exclusive remedy rule of workmen's compensation inapplicable.
LSA-R.S. 23:1032 provides that an employee's exclusive remedy against its employer in event of an accident or death is in workmen's compensation benefits unless the accident or death was caused by an intentional act of the employer. The Louisiana Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981) interpreted "intentional acts" to be the equivalent of intentional torts. The Supreme Court elaborated further and said that in order to fall within this exception to the exclusive remedy rule the plaintiff must prove that the co-employee tort-feasor either consciously desired the physical results of his act or knew that the result was substantially certain to follow. The first issue on this appeal is whether the plaintiff-appellants sufficiently alleged that S & D Construction Co., through its agents, consciously desired the decedent's death through its conduct or were substantially certain that the death would follow. If the petitions meet this test then the remaining issue is whether the trial court erred in its conclusion that there is no genuine issue concerning the defendant's state of mind as a cause of the decedent's death.
It is well settled that a peremptory exception of no cause of action tests the legal sufficiency of the petition and for the purposes of the validity of this exception all well-pleaded allegations of fact are accepted as true and if the allegations set forth a cause of action as to any part of the demand the exception must be overruled. La.C.C.P. Art. 927; Haskins v. Clary, 346 So.2d 193 (La.1977).
The plaintiff-appellants' petition in pertinent part reads as follows:
"14.
Your petitioner further shows that in the alternative, the sole and proximate cause of this accident and injuries which were sustained by the decedent herein, was the intentional, primary and sole negligence of S & D, their agents and employees whose acts of intentional negligence include but are not limited to the following:
A. Intentionally failing to observe industry-wide safety procedures;
B. Total disregard for the safety of others;
C. Intentionally failing to warn the decedent, as well as the general public, of the inherent danger of this recloser, cross-arm, switch and power line;
D. Intentionally failing to de-energize the power line hereinabove complained of;
E. Intentionally failing to instruct the decedent and other employees in the recognition and avoidance of unsafe conditions and the regulations applicable to the work environment to control or eliminate any hazards such as herein complained of which would result to exposure to illness or injury;
F. By intentionally permitting employees to approach closely to exposed *1340 energized parts allowed by the law and regulations of the Federal Government, State of Louisiana, and OSHA, without the employee being insulated or guarded from the energized part insulated or guarded from the employee or without the employee being isolated, insulated or guarded from any conductive object, such as grounded reclosure rack;
G. Intentionally failing to provide a properly grounded bucket truck;
H. Intentionally failing to provide adequate safety equipment including rubber gloves, rubber-line and rubber-insulated blankets;
I. Intentionally failing to adequately mark recloser switches;
15.
All of the above stated acts of negligence were so gross, so as to constitute intentional tort in that the defendant by the above said conduct either desire to bring about the physical results of this act or believed they were substantially certain to follow from what the defendant S & D did or omitted to do.
16.
Further, the S & D knew or should have known that the consequences are certain, or are substantially certain to result from the above described acts or omissions."
The defendant-appellees argue that the petition at best alleges a cause of action in negligence but that the operative paragraph 15 of the petition is a legal conclusion that should not be considered in determining the legal sufficiency of the petition. The appellee cites Shores v. Fidelity & Casualty Co. of New York, 413 So.2d 315 (La.App. 3rd Cir.1982) as authority for this position.
It is true that this court in Shores, supra, considered such a statement to be a conclusion of the pleader that was to be disregarded when examining the legal sufficiency of a petition. However, in Mayer v. Valentine Sugars, Inc., et al., 444 So.2d 618 (La.1984) the Louisiana Supreme Court relaxed the requirements for pleading intent in a cause of action. The Supreme Court based its relaxation of pleading requirements with respect to intent on La.C. C.P. art. 856 which reads in part, "Malice, intent, knowledge and other conditions of mind of a person may be alleged generally." The court noted that the purpose of this article is to relieve the pleader of the near impossible burden of pleading particularized facts about a person's state of mind and therefore "it is permissible for the employee to plead the intent element of his intentional tort cause of action generally and without particularity". Mayer, 444 So.2d at 620. In light of this principle, we hold that the plaintiff's allegation "That the defendant by the above said conduct either desired to bring about the physical result of this act or believed they were substantially certain to follow from what the defendant S & D did or omitted to do", is not a conclusion to be disregarded but is a well-pleaded general allegation of intent that when accepted as true states a cause of action in tort as an exception to the exclusive remedy rule in suits by employees against their employers. The trial court's ruling that sustained the peremptory exception of no cause of action is reversed.
It should be noted that the Supreme Court in Mayer, supra, added that petitions alleging intentional torts need not be scrutinized so strictly because the appropriate available method of discerning the substance of a petition's allegation is by a motion for summary judgment. Thus the remaining issue of this appeal is the propriety of the trial court's conclusion that no genuine issue of fact exists concerning the defendant's state of mind as a cause of the decedent's death.
La.C.C.P. art. 926 provides that a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file together with affidavits, show no genuine issues of material fact and that the mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably *1341 concur that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir.1980); Cates v. Beauregard Electric Cooperative Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers Surplus Line Insurance Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977). Finally it should be noted that a summary judgment is rarely appropriate when a determination of subjective facts is involved such as motive, intent or good faith. Fontenot v. Aetna Insurance Co., 225 So.2d 648 (La.App. 3rd Cir.1969).
The record does not support the inevitable conclusion that Mr. Cupp's death was not substantially certain to follow from any disregard for safety by S & D Construction Co. and its employees. There is nothing in the record which explains the circumstances surrounding the death of Mr. Cupp. Without this information it is impossible to determine whether Mr. Cupp's death was the result of an intentional tort committed by an employee of S & D Construction Co. Therefore, the defendant-appellee as the mover for summary judgment did not sustain its burden of showing that there is no genuine issue of material fact with respect to the cause of the decedent's death, especially in this case which involves a determination of the subjective intent of the defendant. There remain genuine issues concerning the material facts surrounding the decedent's death therefore, the trial court should not have granted the defendant-appellee's motion for summary judgment. The trial court's judgment which granted the motion is reversed and the case is remanded in order to determine the cause of Mr. Cupp's death.
The trial court's ruling that sustained the defendant-appellee's peremptory exception of no cause of action is reversed. The plaintiff-appellants properly alleged the defendant's intent as the cause of the decedent's death in general terms. Mayer, supra. When this allegation is accepted as true, the petition states a cause of action by an employee against his employer for wrongful death. Since the petition properly stated a cause of action, we addressed the defendant-appellee's Motion for Summary Judgment. We reverse the trial court's decision to grant the Motion. The record does not establish that there are no issues of material fact with respect to the defendant's intent as the cause of the decedent's death. This case is remanded for proceedings not inconsistent with this opinion. The defendant-appellee is assessed the cost of this appeal.
REVERSED AND REMANDED.