GARRISON, Judge.
Plaintiff, Shirley O’Neill, widow of Mar-nel H. O’Neill, Jr., appeals from a judgment maintaining an exception of no cause of action filed on behalf of defendant, Flint-kote Company, and dismissing plaintiff’s action.
Plaintiff’s late husband, Marnel H. O’Neill, Jr., was employed as a machine tender in an asbestos mill of the Flintkote Company from 1947 to 1957. The plaintiff claims that her late husband was exposed to large quantities of asbestos dust and fiber during this period and that his death from lung cancer in 1981 was a direct result of this exposure. Therefore, this suit was filed by the plaintiff for the wrongful death of her husband and for the pain and suffering endured by her husband prior to his death. The defendants named in this suit were the Johns-Manville Corporation, the Johns-Manville Sales Corporation (successor by merger with Johns-Manville Products Corporation), the Flintkote Company, and the executive officers and liability insurer of the Flintkote Company.
Prior to trial, the Flintkote Company filed an exception styled “Exception of No Cause or Right of Action”. In this exception, Flintkote urged that because plaintiff's petition did not allege any “intentional acts” on the part of the defendant, the plaintiff’s exclusive remedy is under the Louisiana workmen’s compensation laws. La.R.S. 23:1032, as amended in 1976 by Act 147.[1] The trial judge maintained the exception and dismissed plaintiff’s petition.
On appeal, the plaintiff argues that her petition sufficiently alleges “intentional acts” on the part of the defendant, Flint-kote Company, so as to state a cause of action under Louisiana tort law.
The leading case in Louisiana on the definition of an intentional tort is Bazley v. Tortorick, 397 So.2d 475 (La.1981), which states:
“Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional.”
However, in the case of Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984), the Supreme Court held that the intent element of an employee’s intentional tort cause of action may be pleaded generally and without particularity. The Mayer case was based upon La.C.C.P. art. 856 which provides in part: “... Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.”
Paragraph Ten of plaintiff’s petition states as follows:
“That as a result of the foregoing acts the defendants are guilty of the following violations of law:
*673 a) Failing to maintain a reasonably safe place to work;
b) Intentionally exposing employees to toxic effects of asbestos fibers and other harmful dusts;
c) Intentionally exposing employees to an aggravation of a diseased condition;
d) Intentionally concealing critical medical information from petitioner causing a continued exposure to disease and an aggravation of diseased condition;
e) Negligently and/or intentionally failing to provide petitioner with safety protection against the toxic effects of asbestos fibers;
f) Fraudulently concealing and withholding information regarding the dangers presented to petitioner in the use of asbestos fibers and the continued exposure to same.
Defendants committed these intentional acts knowing full well that plaintiff’s injuries were substantially certain to follow.”
The facts alleged in a petition are accepted as true for purposes of determining whether a plaintiff has sufficiently stated a cause of action for recovery under an intentional tort theory. In this case, we conclude that the plaintiffs petition sufficiently alleges intentional acts on the part of the defendant so as to satisfy the standard set in Bazley v. Tortorich, supra. Therefore, we hold that the trial judge erred in dismissing the plaintiff’s petition on an exception of no cause of action.
Accordingly, the judgment of the trial judge maintaining the defendant’s exception of no cause of action and dismissing the plaintiff’s petition is reversed and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Plaintiff's cause of action arose on the date of her husband’s death, April 14, 1981. Therefore, La.R.S. 23:1032 as amended in 1976 is the controlling law in this case. Smith v. Hurd, 408 So.2d 357 (La.App. 1st Cir.1981).