STOKER, Judge.
This is an appeal from the dismissal of a case on an exception of no cause of action.
Murtaza A. Yousufali was employed by The Southland Corporation as a night clerk at the 7-11 Food Store in Lafayette. On February 9, 1982, at approximately 5:10 a.m., a robber entered and robbed the store. During the robbery he struck the plaintiff on the back of the head with a large tree limb. Yousufali brings this action against his employer and its insurer to recover for injuries sustained in the robbery.
This is a tort suit. Employees are generally entitled to worker’s compensation benefits and payment of medical expenses only, as their exclusive remedy, as the result of an accident occurring during the course and scope of their employment. LSA-R.S. 23:1032 provides an exception for those employees injured as a result of an intentional act on the part of their employers:
“Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.”
The trial court dismissed the suit on an exception of no cause of action finding that the exclusive remedy of Yousufali is under the Worker’s Compensation Statute and that the allegations of the petitions are not sufficient to allege an intentional injury.
The peremptory exception of no cause of action tests the legal sufficiency of the petition and is triable on the face of the pleadings. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977).
Yousufali made the following allegations in Paragraph 4 of his original petition:
“The gross negligence of Southland Corporation, which was the proximate cause of the resulting physical injuries suffered by petitioner herein, consists of the following non-exclusive acts of omission and commission, to-wit:
a. failure to maintain adequate security in the convenience stores;
b. failure to provide adequate training for the clerks employed in their convenience stores;
c. failure to foresee what they should have foreseen and taken adequate precautions under the circumstances;
d. failure to post notice and/or signs informing would-be criminals of the shortage of money kept on the premises;
e. failure to provide adequate protection for their employees well being;
f. failure to provide an adequate Robbery Prevention Program;
g. permitting an individual to clerk in the store who was unable or incapable of protecting himself;
h. failure to provide for adequate police or security check-ins at various times;
i. failure to adequately warn of the dangers of working late at night or early in the morning; ...”
In Paragraph 2 of his First Supplemental and Amending Petition he alleges:
“Plaintiff further alleges that each and every item alleged in paragraph 4 of the original petition were committed under circumstances wherein the defendants knew of and/or desired the consequences of their actions or were in a position to normally believe that such consequences namely, the injury to plaintiff herein, were substantially certain to follow from *193 their actions and/or failure to act to such an extent that their actions are deemed intentional. The defendants either took no actions or took actions which would have produced consequences such as suffered by plaintiff herein and the defendants knew such injuries to plaintiff were substantially certain to follow considering their prior knowledge of the number of robberies and/or problems in their various stores.”
Paragraph 2 of this Second Supplemental and Amending Petition states:
“Plaintiff further alleges that defendants through their office and store records of robberies, studies done on a various number of their stores showing the likelihood of robberies had knowledge of or were substantially likely to know that robberies such as that which caused the injury to plaintiff were likely to happen and that the defendants either took no actions or took actions which produced consequences such as suffered by plaintiff herein and defendants knew that such injuries to plaintiff were substantially certain to follow considering their prior knowledge, studies done on the number of robberies, the likelihood of robberies to occur in their stores and failing to have taken those procedures so as to avoid the consequences suffered by plaintiff.”
The original petition and two supplemental petitions adequately allege an intentional tort. To be intentional within the meaning of LSA-R.S. 23:1032 the employer must (1) have consciously desired the physical result of this act or (2) have known that that result was substantially certain to follow from his conduct. Here Yousufali alleges that the employer knew that the injuries to plaintiff were substantially certain to follow from its actions and failure to act due to its knowledge of previous robberies of its stores. Malice, intent, knowledge and other conditions of mind of a person may be alleged generally. LSA-C.C.P. art. 856. It is permissible for an employee to plead the intent element of his intentional tort cause of action generally and without particularity. Mayer v. Valentine Sugars, Inc., supra. See Van Alton v. Fisk Electric, Inc., 451 So.2d 1237 (La.App. 4th Cir. 1984); Bradshaw v. Anco Insulation, Inc., 450 So.2d 733 (La.App. 5th Cir.1984); Fabre v. Kaiser Aluminum and Chemical Corp., 446 So.2d 476 (La.App. 4th Cir.1984). See also Note, 44 La.L.Rev. 1507 (1984).
Plaintiffs allegations that he was injured by an intentional act set forth a well-pleaded fact because intent may be alleged generally. Accepting this and other well-pleaded facts in the petition as true, plaintiff has sufficiently stated a cause of action for recovery due to a personal injury resulting from intentional acts by the defendant-employer.
Although it may seem absurd that the defendant-employer intended for its store to be robbed and its employee to be injured in the robbery, an exception of no cause of action is not the correct procedural vehicle for dismissing this case. Moreover, we note by way of caution, as the Louisiana Supreme Court did in Mayer v. Valentine Sugars, Inc., supra, that we are concerned here only with pleading, and the plaintiff must still carry his burden on trial of proving his intentional tort cause of action.
At oral argument counsel for defendant-exceptor referred us to the Fifth Circuit case of Brown v. Ebasco Services, Inc., et al., 461 So.2d 443 (La.App. 5th Cir.1984), writ granted in part and denied in part, 462 So.2d 1235 (La.1985). For whatever the Fifth Circuit’s opinion may stand, we find it distinguishable from the facts of the present case. The allegations of plaintiffs petition in the Brown case are almost entirely couched in terms of negligence. Any design of the pleader in Brown to allege an intentional tort is so vague and poorly articulated that it is reasonable to conclude that the pleader did not set forth a cause of action based on intentional tort. In our opinion Brown v. Ebasco Services, Inc., supra, does not support exceptor’s position.
For the reasons assigned, the judgment of the trial court is reversed and the case is *194 remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.