499 So.2d 1239 (1986)
Inell FABRE, Widow of Joseph Fabre
v.
KAISER ALUMINUM & CHEMICAL CORPORATION, et al.
No. CA-5420.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Judith A. DeFraites, Gertler & Gertler, New Orleans, for plaintiffs-appellants.
*1240 C. William Bradley, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for defendants-appellees.
Before SCHOTT, GARRISON and BYRNES, JJ.
SCHOTT, Judge.
Joseph Fabre originally filed this suit in December, 1982 against his employer, Kaiser Aluminum and Chemical Corporation and three of its executive officers. He alleged he had contracted liver cancer from working conditions at the Kaiser plant and charged the defendants with intentionally causing his condition. While the case was pending in the trial court Joseph Fabre died and his widow was substituted as the plaintiff. The suit was originally dismissed by the trial court on an exception of no cause of action, but this judgment was reversed by this court and the case was remanded to the district court. Fabre v. Kaiser Aluminum and Chemical Corp., 446 So.2d 476 (La.App. 4th Cir.1984). On April 16, 1984 defendants filed a motion for summary judgment which the trial court granted on February 10, 1986 dismissing the suit. In her appeal plaintiff assigns two errors by the trial court: granting summary judgment based on affidavits of the individual defendants which sought to establish subjective facts material to the case; and denying her request for production of documents thereby limiting her ability to oppose the motion for summary judgment.
In their affidavits the three individuals stated that Fabre was not exposed to dangerously high levels of toxic and other inherently dangerous materials, chemicals, and irritants which would have harmed him in any way; they had no knowledge of any dangerous conditions which would cause cancer of the liver or loss of hearing for Fabre; they never failed to reveal or knowingly concealed any medical or other information from Fabre; they never intentionally deprived Fabre of necessary protective equipment; they never desired that Fabre suffer from cancer or loss of hearing; and they never believed that cancer or loss of hearing in Fabre was substantially certain to result from anything they did or failed to do.
In order for plaintiff to recover against defendants in tort she must prove that their tort was intentional in the sense that they consciously desired Fabre's cancer or hearing loss or they knew that these conditions were substantially certain to follow from their conduct. LSA-R.S. 23:1031; Bazley v. Tortorich, 397 So.2d 475 (La. 1981); Fabre v. Kaiser Aluminum and Chemical Corp., supra. The affidavits of defendants negate these elements which would support the conclusion of intentional tort as well as other facts alleged in plaintiff's petition as to the deceased's working conditions and environment.
Plaintiff argues that intent is a state of mind and not the proper subject for resolution by affidavits of those whose intentions are at issue. However, in Simoneaux v. E.I. DuPont De Nemours, 483 So.2d 908 (La.1986) the court found that affidavits much like the ones filed by defendants in this case were sufficient to negate plaintiff's allegations of intentional tort. The affidavits established the fact that defendants did not intend in the Bazley sense for Fabre to suffer the consequences he alleges were caused by his work environment. The burden was on plaintiff to counter the affidavits by conflicting evidence in the form of affidavits, depositions, or documents which would raise an issue as to their true intentions. Since plaintiff failed to produce such evidence the summary judgment was properly granted.
But plaintiff maintains she was frustrated in her efforts to obtain the evidence she needed because the trial court erroneously denied her requests for documents in Kaiser's possession which would establish that defendants had knowledge of the plant's dangerous environment.
Plaintiff moved for production of documents by Kaiser in July, 1984. Kaiser filed a timely objection to this motion and in February, 1985 the trial court denied plaintiff's motion. The motion for summary judgment had been scheduled for a hearing *1241 in February, 1985 but was rescheduled for August at plaintiff's request to enable her to employ discovery. Again in August the motion for summary judgment was continued at plaintiff's request to enable her to continue with discovery. This time the court ordered all discovery to be completed within 120 days.
This record does not support plaintiff's argument that the trial court wrongfully prevented him from obtaining Kaiser's documents. First, we are not persuaded that the trial court abused its discretion in February 1985 when plaintiff's motion was denied. Second, plaintiff fails to explain why she did not take some action to set aside this interlocutory discovery order at the time it was issued rather than to wait a year later when her case was dismissed. Third, plaintiff does not show why she could not have gotten some information to counter defendants' affidavits by means of depositions in all the time she had between the initial filing of the motion for summary judgment in April, 1984 and its being granted twenty-two months later.
Having concluded that there is no merit to plaintiff's assignments the judgment appealed from is affirmed.
AFFIRMED.