503 So.2d 1137 (1987)
Wanda ZEAGLER, Plaintiff,
v.
TOWN OF JENA, Defendant and Third Party Plaintiff-Appellant,
v.
Carl ZEAGLER, Susan Pritchard and James Dale Love, Third Party Defendants-Appellees.
No. 86-295.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*1138 Gold, Simon, Henry B. Bruser, III and Peggy St. John, Alexandria, for defendant and third party plaintiff-appellant.
Chris J. Roy, Alexandria, for plaintiff.
Hennigan and Walters, Lloyd E. Hennigan, Patrick L. Durusau, Jena, for third party defendants-appellees.
Before DOUCET, YELVERTON and CULPEPPER[*], JJ.
YELVERTON, Judge.
The plaintiff, Wanda Zeagler, sued the defendant Town of Jena for personal injuries which resulted when she was shot by her husband. She alleged liability on the part of the Town due to the negligence of its Chief of Police in failing to prevent the shooting. The Town answered plaintiff's petition denying liability and filed alternative third party demands against Carl Zeagler, plaintiff's husband at the time of the shooting, Susan Pritchard, and James Dale Love. All three third party defendants filed exceptions of no cause of action before trial. After a hearing the trial court sustained the exceptions and dismissed the Town's actions against all three third party defendants. The Town now appeals the dismissal of its actions against the three third party defendants. We reverse.
Plaintiff Wanda Zeagler and her husband Carl Zeagler got into an argument on the afternoon of Tuesday, February 15, 1983. Mrs. Zeagler left their home and went to Susan Pritchard's house. Mrs. Zeagler and Susan Pritchard were later joined by Dale Love, and another, and these four began drinking and finished the night at a lounge which they left at closing time. Mrs. Zeagler, Love and Pritchard went to Pritchard's home. Love helped Mrs. Zeagler move and hide her car. They entered Pritchard's house and spent what was left of the night together there.
Carl Zeagler learned that his wife was at Pritchard's home because the next morning, February 16, he approached the local sheriff and requested that the sheriff accompany *1139 him to the Pritchard residence. The sheriff refused. Mr. Zeagler next approached an off-duty police officer with the same request. The police officer refused but he reported Mr. Zeagler's request to the Chief. Mr. Zeagler then stopped the Chief and repeated his request. The Chief refused and Mr. Zeagler left saying that he would take care of things himself. Anticipating trouble, the Chief and the police officer drove to the Pritchard house, parked nearby, and waited. Very soon thereafter Mr. Zeagler arrived at the house, got out of his car, ran up the front steps of the house and tried to enter the front door. At that point the Chief called to Mr. Zeagler to stop, but his warning went unheeded. Mr. Zeagler ran to the side of the house, broke a window and got into the house. He apparently found his wife Wanda in bed with Love. Wanda was shot once and Love twice.
The third party demand of the Town of Jena was for indemnity or, alternatively, contribution from one or more of these third party defendants. The issue of the Town's liability is not before us. The only issue is whether the Town has stated a cause of action against any of these three persons.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and for the purpose of the validity of this exception all well-pleaded allegations of fact are accepted as true; if the allegations set forth a cause of action as to any part of the demand the exception must be overruled. La.C.C.P. art. 927. Cupp v. Federated Rural Elec. Ins. Co., 459 So.2d 1337 (La.App. 3d Cir.1984). An exception of no cause of action must be overruled unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
The third party demand against Carl Zeagler is founded on the allegation that he, as the alleged co-tortfeasor of George King, the Chief of Police, committed the act of violence. The Town's petition sets forth the following allegations of fact regarding the conduct of Carl Zeagler:
"(a) Disregarding the command of the Chief of Police of the Town of Jena to stop prior to entering the residence, and thereafter breaking into the residence and intentionally shooting petitioner;
"(b) Alternatively, negligently failing to maintain control of his emotions and conduct upon finding his wife, Wanda Zeagler, in bed naked with James Dale Love at the time of the incident complained of in these proceedings; and
"(c) Such other acts of fault or negligence as will be shown more particularly at trial."
Malice, intent, knowledge and other conditions of mind of a person may be alleged generally. La.C.C.P. art. 856. Yousufali v. Southland Corp., 467 So.2d 191 (La. App. 3rd Cir.1985). Therefore, the Town's allegation that Zeagler acted intentionally sets forth a well-pleaded fact. The Town also alleged that Zeagler negligently shot his wife, causing the injuries for which the Town is being sued. Accepting either of these alternatively pleaded facts as true, Carl Zeagler would be a co-tortfeasor with the Town should the Town be cast in judgment. As defendant's co-tortfeasor, Zeagler is liable in solido with defendant. La. Civ.Code arts. 2315 and 2324. The Town, if forced to pay the entire amount of the damages, would have a right of contribution against Zeagler for his virile share proportionate to his fault. La.Civ.Code art. 1804.
La.Civ.Code art. 1805 specifically provides the method of enforcement of the right of contribution.
"A party sued on an obligation that would be solidary if it exists may seek to enforce contribution against any solidary co-obligor by making him a third party defendant according to the rules of procedure, whether or not that third party has been initially sued, and whether the party seeking to enforce contribution admits or denies liability on the obligation alleged by plaintiff."
*1140 Therefore, under the facts alleged in the petition, the Town has stated a cause of action against Zeagler for which the law grants a remedy. The trial court erred in dismissing the Town's action against Carl Zeagler.
By a similar process of reasoning, the Town has also stated a cause of action, albeit a bizarre one, against the other two defendants because the Town's allegations, taken as facts, could conceivably make these defendants co-tortfeasors with the Town.
In its third party petition, the Town alleged negligence on the part of James Dale Love in:
"(a) Undertaking to deceive Carl Zeagler concerning the whereabouts of his wife by hiding petitioner's vehicle away from the residence of Susan Pritchard and thereafter acting to intoxicate, seduce and commit adultery with petitioner in the residence of Susan Pritchard on the morning of February 16, 1983;
"(b) By acting in the foregoing manner although third party defendant knew or should have known of the marital status of petitioner and of the fact that petitioner and her husband were not legally separated or divorced, and were in fact living as husband and wife;
"(c) Failure to exercise proper conduct, judgment, and discretion under the circumstances;"
As to Susan Pritchard, the Town alleged negligence in:
"(a) Allowing Wanda Zeagler and James Dale Love to undertake to hide the whereabouts of Wanda Zeagler at the Pritchard home, and to utilize the Pritchard home and the bedroom of Susan Pritchard to engage or to appear to engage in sexual conduct violative of the marital relationship of petitioner and her husband when said third party defendant knew of the marital status and relationships of the parties and of the fact that Carl Zeagler would strenuously oppose and object to the conduct occurring and allowed to occur by Susan Pritchard in her residence at times pertinent to these proceedings;
"(b) Failure to require James Dale Love and/or Wanda Zeagler to leave the Pritchard residence after the group's trip to Alexandria and prior to the incident complained of in this proceeding;
"(c) Failure to take due care, judgment and caution under existing circumstances; and"
Again, the question is whether the law would grant the Town a remedy against these third party defendants, assuming that the facts alleged in the petition are true. The applicable test in this case is the duty-risk analysis.
Under the duty-risk formula of tort liability, for plaintiff to establish a cause of action against a defendant the initial question that must be determined is whether there is a causal relation between the defendants' acts and the resulting injury to the plaintiff. If so, then it must be determined whether there is a duty on the part of the defendant to protect the plaintiff from the type of harm she suffered, and finally whether there has been a breach of that duty. Kane v. Braquet, 368 So.2d 1176 (La.App. 3rd Cir.1979), writ denied, 369 So.2d 1366 (La.1979).
We have no hesitancy in finding that the alleged conduct of Love and Pritchard was a cause-in-fact of her getting shot. To be a cause-in-fact of an injury, such cause must play a significant and substantial role in bringing on the injury, and not a remote or slight part. Lastrapes v. South Cent. Bell Telephone Co., 473 So.2d 115 (La.App. 3rd Cir.1985), writ denied, 477 So.2d 708 (La.1985). But for Pritchard's and Love's parts in the drama that unfolded that morning, Wanda would probably not have been shot, and thus their actions had something to do with the injury. Their actions were a necessary ingredient of the injury since the harm would probably not have occurred without their conduct.
*1141 With respect to James Dale Love, it is alleged the duty was violated when he acted to intoxicate, seduce, and commit adultery with Wanda. Susan Pritchard's violation of duty was in going along with and helping out in Love's plans.
Under the allegation in the third party demand that Love got Wanda drunk and seduced her, evidence ranging anywhere from a complex seduction to a simple rape would be admissible. The allegations as to Zeagler's conduct in the shooting include the alternative allegation that the shooting of Wanda was an act of negligence. From these general allegations evidence would be admissible that might establish that Love was committing what was in effect a simple rape upon Wanda when Zeagler came upon the scene and, in the course of an ensuing altercation between him and Love, Zeagler accidentally shot Wanda. If that is what happened, it could hardly be denied that Love owed Wanda a legal duty not to commit a rape upon her, and that duty extended to the consequence that the husband, discovering the state of affairs and wanting to right the wrong being inflicted upon his wife, might in an ensuing altercation accidentally harm his wife. This court would be loath to say that under the duty-risk analysis a rapist might avoid these consequences by urging that there exists no rule of law protecting the interest of Wanda against this particular hazard.
By the same reasoning, a cause of action has been stated against Susan Pritchard. If the allegations of Love's conduct would admit evidence of virtually a crime on his part, then the allegations as to Susan Pritchard's involvement would admit evidence that could show her to be a principal, and equally responsible.
We cannot say that these allegations have not stated a cause of action by the Town against Pritchard and Love. For these reasons the judgment sustaining the exception of no cause of action against these three third party defendants is reversed, and the case is remanded for further proceedings. The cost of this appeal will be assessed to Carl Zeagler, Susan Pritchard, and James Dale Love, in equal portions.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc