446 So.2d 770 (1984)
Freddie E. FACIANE
v.
SOUTHERN SHIPBUILDING CORP., Employers Mutual Liability Insurance Company.
Nos. CA 0222, CA 0223.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1984.
Rehearing Denied March 21, 1984.
*771 Bendana & Carlton, Orlando G. Bendana, New Orleans, for plaintiff-appellant.
Robert P. Hogan, Covington, for defendants-third party plaintiffs-appellants.
Frank J. Peragine, Daniel J. Caruso, Michael R. Daigle, New Orleans, for American Optical Corp.
Before BYRNES, GULOTTA and AUGUSTINE, JJ.
BYRNES, Judge.
This is an appeal from the granting of an exception of no cause of action in a suit by an injured worker against the executive officers of his former employer, Southern Shipbuilding Corporation (hereinafter "Southern"). We reverse.
Appellant was employed by Southern for approximately 18 years as a welder/gauger. His work required him to spend most days inside the hulls of vessels under construction, in an atmosphere laden with various potentially harmful particles such as silica, asbestos, and iron oxide. After experiencing increasing shortness of breath, *772 appellant sought medical help in May of 1977, and was diagnosed as having silicosis, a disabling lung disease.
Two months later, in July 1977, appellant filed suit against the executive officers and various supervisory personnel of Southern, alleging that their negligence resulted in his exposure to the particles which caused his disease. A products liability suit was also filed against the manufacturer of various protective devices which were meant to protect workers from inhalation of the harmful particles, but allegedly did not.
The executive officers filed an exception of no cause of action alleging that appellant's cause of action accrued after the 1976 amendment to the Louisiana Workers' Compensation Act prohibiting tort suits against executive officers. A motion for summary judgment was also filed by several past insurers of the executive officers who contended that their occurrence-type liability policies did not cover damage sustained after the expiration date of those policies. The trial judge granted the motion for summary judgment and maintained the exception of no cause of action, ruling that "plaintiff's cause of action arose May 7, 1977, when his lung disease was diagnosed." It is with this conclusion of the trial judge that we disagree.
THE DISEASE
Silicosis is "a chronic pulmonary disease due to inhalation of dust with a high concentration of silica (SIO2), characterized by widespread fibrosis and clinically by shortness of breath and increased susceptibility to tuberculosis." Blakiston's GOULD MEDICAL DICTIONARY, (4th Ed.1979).
Medical experts agree that silicosis is caused by the body's reaction to the presence of silica particles. These particles react chemically with the body of the victim, creating toxic compounds which irritate bodily tissues and lead to the destruction of certain cells vital to the immunological process. The body's natural cleansing mechanisms, maimed and overworked by a combination of the presence of silica and its toxic effects, break down. The compounds produced in reaction to the presence of silica stimulate the growth of connective tissues which in turn lead to fibrosis, a state where a fibrous growth obscures and impairs healthy tissue. Eventually this process damages the lungs to such an extent that disability occurs. The degree of exposure necessary to create this condition varies from person to person by reason of the individual's make up and bodily chemistry, as well as various environmental influences.
The condition is progressive in nature in the sense that once the disease process begins, it continues to worsen even when the victim is removed from exposure to silica particles. There is no known cure for this disease. Those suffering from silicosis not only experience decreased pulmonary function, but are more vulnerable to diseases of any type, due to lowered body resistance.
By its very nature this type of injury is not immediately manifest but develops slowly over a period of time. The rate at which the disease develops depends on many factors including the type of particle involved, the environment in which the exposure occurs, the type of protective equipment used, the number of years of exposure, and the health and habits of the particular worker. For a good general discussion of the causes and development of silicosis see, Hamilton & Hardy's INDUSTRIAL TOXICOLOGY, (4th Ed.) Revised by Asher J. Finkel, and CLINICS IN CHEST MEDICINE, (Vol. 2 No. 2, May 1981), Occupational Lung Diseases, by Stuart M. Brooks.
THE CAUSE OF ACTION
There is no dispute among medical authorities, or among the parties to this suit, that regardless of the time at which the disability caused by silicosis arises, the disease process itself invariably begins years earlier. The question posed by this appeal is; when does a plaintiff's cause of action for damages caused by silicosis arise?
Appellee argues strenuously that a cause of action accrues only when the disease manifests itself by physical symptoms and *773 disability. This contention is based on the theory that negligence without injury or damage is not actionable. While this is a correct statement of the law, it begs the question at hand. This appeal is concerned with what constitutes injury, in a legal sense, in cases of silicosis, and when that injury occurs. Resolution of this question seems to hinge primarily on how one defines the injury which, when coupled with a defendant's negligence, gives rise to a cause of action.
The trial judge took the position that injury does not occur until the disease is diagnosed or manifested by physical symptoms. While this theory has the advantage of being easy to apply, it ignores the reality of the situation. There is no doubt whatsoever that by the time a plaintiff is diagnosed as having silicosis, the disease has been present for some time. It would be the purest fiction to assert that no injury has occurred before the date of manifestation. Injury occurred when the cumulation of exposure reached the point where the plaintiff contracted the disease. The fact that the symptoms of the disease manifest themselves years later does not change the essential fact that the damage has already been done.
We have concluded that in the unique circumstances presented by cases of cumulative diseases such as silicosis, it is the contraction of the disease which creates a cause of action and not the later manifestation of the consequences of that disease. To hold otherwise would be to ignore the facts. While the ultimate manifestation of the disease by physical disability may be a convenient, easily fixed point at which to find that a cause of action accrues, we cannot disregard the fact that but for the earlier contraction of the disease, there would be no symptoms to manifest themselves.
The problem with this approach is that it is extremely difficult to accurately fix the point in time at which the disease is contracted. This difficulty does not change the unavoidable reality that the disease exists, in the sense that irreversible biological changes which will inevitably result in disease and disability, take place before manifestation of the condition by way of disabling symptoms. There is universal medical opinion that the date of detection is not the date at which the disease is contracted.
It seems implicit from much of the medical evidence that once silica dust has so damaged and maimed the body that the fibrogenic effects of silica inhalation will progress independent of further exposure, a disease has been contracted. It is at this point and not before that the consequences of exposure to silica becomes inevitable and in our opinion, actionable. The victim's body has been injured just as surely as if it had been hit by a truck.
We realize that this is not a point in time which is subject to easy determination. However, for purposes of an exception of no cause of action, which is the issue before us in this appeal, the exact point is not essential. The plaintiff need only allege that, at some time prior to October 1, 1976, (the effective date of the amendment of R.S. 23:1032), he contracted silicosis. The trial judge was clearly wrong in ruling that appellant's cause of action did not arise until the date on which his disease was diagnosed.
While plaintiff's petition does not make a specific allegation that silicosis was contracted before 1976, it does allege that continued exposure for 18 years caused him to contract the disease and that he became aware of this fact in May, 1977. Pleadings should be liberally construed in favor of stating a cause of action. Neblett v. Placid Oil Co., 257 So.2d 167 (La.App. 3rd Cir.1971). In ruling on an exception of no cause of action all well pled facts must be accepted as true, and any doubts resolved in favor of finding that the pleadings are sufficient to state a cause of action. Concerned Citizens of Rapides Parish v. Hardy, 397 So.2d 1063 (La.App. 3rd Cir., 1981); Landry v. Landry, 339 So.2d 360 (La.App. 1st Cir., 1976). An exception of no cause of action should be maintained only where the allegations of fact in the *774 petition disclose no cause of action on any ground whatsoever. Leatherman v. Parish of East Baton Rouge, 275 So.2d 806 (La.App. 1st Cir.1972). This is because the peremptory exception of no cause of action is intended to test the legal sufficiency of the petition, and not the evidence which may or may not be available to prove the allegations of the petition at trial. Vancouver Plywood Co. Inc. v. Sumrall, 415 So.2d 625 (La.App. 3rd Cir.1982); Hero Lands Co. v. Texaco Inc., 310 So.2d 93 (La.1975) Indeed the policy behind liberal construction of pleadings is to give plaintiffs the opportunity to present evidence in support of their claims. Hero Lands Co. v. Texaco, Inc. supra.
In this case we feel appellant's petition gave defendants adequate notice of his claim and its factual basis. Appellant should have the right to present evidence in support of his claim. We, therefore, reverse the ruling of the trial court maintaining appellee's exception of no cause of action.
SUMMARY JUDGMENT
We now address the trial judge's dismissal of prior insurers of the executive officers by summary judgment.
It is well settled that summary judgment should be granted only when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. C.C.P. Art. 966. All doubts should be resolved against the granting of summary judgment and in favor of trial on the merits.
In this case the trial judge erred by granting summary judgment. There are several issues of material fact in dispute, not the least of which relates to when injury in cases of silicosis occurs.
The policies in question contain the following language:
Application of Policy: This policy applies only to injury (1.) by accident occurring during the policy period, or (2.) by disease caused or aggravated by exposure of which the last day of the last exposure, in the employment of the insured, to conditions causing the disease, occurs during the policy period.
The question then becomes, is the contraction of silicosis to be classified as bodily injury by accident or bodily injury by disease?
In Fazande v. Continental Grain Co., 363 So.2d 1253 (La.App. 4th Cir., 1978), this court interpreted identical language and held that only the policy in effect at the time of the last exposure to conditions causing the disease provided coverage.
However, Fazande, did not discuss the classification of silicosis as bodily injury by accident or bodily injury by disease under the policies then before the court. We must therefore assume that the definitions of these terms were clear and unambiguous. This is not so in the present case and we distinguish Fazande on that basis.
Section 3 of the policy at issue here contains definitions of certain terms used throughout the policy. Sub-Section C. deals with the definition of injury and states:
The contraction of disease is not an accident within the meaning of the word "accident" in the term "bodily injury by accident" and only such disease as results directly from a bodily injury by accident is included within the term "bodily injury by accident." The term "bodily injury by disease" includes only such disease as is not included within the term "bodily injury by accident".
To say the least this definition is unclear. On one hand it seems to exclude contraction of disease as an injury by accident. However, the next clause of the same sentence seems to allow the contraction of some diseases to be classified as accidental injury. Given these circumstances it seems that a genuine issue of material fact as to the classification of appellant's injury existed. The granting of summary judgment was therefore inappropriate.
CONCLUSION
A cause of action arises in cases of silicosis when the disease is contracted, not *775 when it is manifested by symptoms. The allegations of plaintiff's petition must be accepted as true for purposes of an exception of no cause of action. When the petition can fairly be said to allege contraction of silicosis prior to the 1976 amendment to the Workers' Compensation Act, a cause of action has been stated and the granting of an exception of no cause of action is error. It is likewise error to dismiss liability insurer's by summary judgment on the basis that no injury occurred during the effective dates of their respective policies until the date of the injury and its classification under those policies has been fixed. The judgments of the trial court are reversed and the case is remanded for trial on the merits. Each party to bear their respective costs.
REVERSED AND REMANDED.
GULOTTA, J., concurs.
GULOTTA, Judge concurring.
I concur in the result reached by the majority in reversing the trial court and overruling the exception of no cause of action.
The instant case is distinguishable from our holding in Fazande v. Continental Grain Co., 363 So.2d 1253 (La.App. 4th Cir.1978), where we held liable an insurer which was providing worker's compensation coverage at the time of the plaintiff-employee's disability. In Fazande, after a trial on the merits, we concluded that the disability from the disease occurred within the term of the compensation policy of the last insurer, where several successive insurers had provided coverage during plaintiff's long work history at one company.
Unlike Fazande, the instant case involves an appeal from the trial court's judgment maintaining an exception of no cause of action in tort against executive officers. I am of the opinion that the trial judge more properly should have referred the exception to a trial on the merits. Furthermore, it appears that the allegations in the instant case are more closely akin to Hanlon v. Sline Industrial Painters, Inc., 358 So.2d 700 (La.App. 3rd Cir.1978), which we distinguished in Fazande, supra.
For the same reasons, I likewise concur in the majority's denial of the motion for summary judgment. Because there are genuine issues of material fact as to the nature of plaintiff's disease and defendant's insurance coverage, the question of the insurer's liability is the proper subject of a trial on the merits.