467 So.2d 61 (1985)
Lemar GOODMAN
v.
DIXIE MACHINE WELDING AND METAL WORKS, INC., et al.
No. CA-2335.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Rehearing Denied April 26, 1985.
*62 Harry E. Forst, Gertler & Gertler, New Orleans, for plaintiff-appellant.
Dale W. Poindexter, New Orleans, for defendants-appellees.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiff, Lemar Goodman, filed suit against Dixie Machine Welding and Metal Works, Inc. (hereinafter referred to as "Dixie"), its executive officers and a host of insurance companies for 1.35 million dollars for their negligence and intentional tortious conduct which allegedly caused plaintiff's illness. Dixie, its executive officers, American Home Assurance and National Union Fire Insurance Company filed exceptions of no right of action and no cause of action. The trial court upheld the exceptions insofar as Dixie's executives were concerned but deferred to the merits the exceptions relative to the remaining defendants. It is from the trial court's ruling upholding the exceptions as to Dixie's executives that plaintiff has filed this devolutive appeal.
It is well settled that exceptions of no cause of action and no right of action are separate and distinct, the former being used to test the sufficiency of the petition and the latter to determine whether the plaintiff belongs to the particular class of individuals to whom the law grants a remedy for the harm alleged. Steadman v. Sladovich, 430 So.2d 816 (La.App. 5th Cir. 1983); Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979). In determining the sufficiency of a petition pursuant to an exception of no cause of action, the court must examine the petition and annexed documents and accept as true all well-pleaded facts contained therein. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
In the instant case, the trial court held that "the exception of no right or cause of action as to the individual officers ought to be maintained." On appeal, the parties have interpreted the trial court's ruling as being limited to the exception of no cause of action. Based upon the trial court's reasons for judgment as stated in open court, we believe this to be a correct interpretation.
Defendants excepted to plaintiff's petition on the grounds that the petition fails to state a cause of action under Louisiana's workers' compensation law as amended by Act 147 of 1976. Defendants argue that under the 1976 amendment to LSA-R.S. 23:1032, relative to the exclusive remedy of Louisiana's workers' compensation law, an employee's right to recovery in tort from his co-employees or employer is limited to work-related injuries or illnesses which are caused by their intentional acts. Defendants argue, therefore, that because plaintiff has failed to adequately allege that the illness complained of arose prior to 1976 and that the illness was the result of defendants' intentional acts, the petition fails to state a cause of action.
LSA-R.S. 23:1032, as amended by Act 147 of 1976, provides in pertinent part:
The rights and remedies herein granted to an employee ... on account of an *63 injury, or compensable sickness or disease..., shall be exclusive of all other rights and remedies ... against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal ... Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
In Bazley v. Tortorich, 397 So.2d 475, 479 (La.1981), the Court, in analyzing the 1976 amendment to R.S. 23:1032, held:
By Act 147 of 1976 the legislature enlarged the category of employee injuries for which workers' compensation is the exclusive remedy. Formerly, the workers' compensation statute provided that compensation was an employee's exclusive remedy against his employer for a compensable injury, leaving him free to pursue other remedies against third persons. The amendment modified the exclusive remedy rule in two respects. First, it provided that for an unintentional injury compensation shall be the exclusive remedy, not only against the employer, but also against any principal, officer, director, stockholder, partner or employee of the employer or principal who was engaged at the time of the injury in the normal course and scope of his employment. Second, it provided that for an intentional act resulting in compensable injury the employee may exercise his right under the compensation act and pursue any other remedy available against the employer and other persons under general law.
Because Act 147 of 1976 can not be applied to a cause of action that arose prior to its effective date, Green v. Liberty Mutual Ins. Co., 352 So.2d 366 (La.App. 4th Cir.1977), writ denied, 354 So.2d 210 (La. 1978), we must first examine the petition to determine if it sufficiently alleges the date at which the cause of action arose so as to exempt plaintiff from the exclusive remedy provisions of Louisiana's workers' compensation law.
The record reflects that plaintiff filed suit in October 1983 alleging in relevant part:
XVII
That the plaintiff, Lemar Goodman, was employed by Dixie Machine Welding & Metal Works, Inc., in various positions, including sandblaster, from 1957 to 1982. At all jobs, plaintiff was exposed to dangerously high levels of toxic fibers, silica dusts and other inherently dangerous material and irritants in the normal course of his work.
XVIII
That the defendant, Dixie Machine Welding & Metal Works, Inc., and it's executive officers were aware or should have been aware of this dangerous condition and that your petitioner would suffer from pneumoconiosis, a lung disease related exclusively to fiber and silica dust exposure but failed and refused to advise your petitioner of this condition thereby exposing him to continued harm and an aggravation of his condition. That furthermore these defendants withheld from plaintiff knowledge of the dangers of the fiber and dust to his health. That complainant, Lemar Goodman, did contract pneumonconiosis, however, he did not discover the nature of his condition until recently.
XIX
That the defendants, A.J. Mura, Pat Roche, Lawrence Murphy, Houston Bernard, *64 Arnold Toups, John Christensen, Lee Posseno, Noel Pattison and Christian Voelkel had the responsibility of providing petitioner with a safe place to work and safety equipment with which to conduct his work. That the above named defendants negligently and/or intentionally failed to carry out these duties and failed to protect petitioner from the dangers of toxic fiber and dust exposure.
XX
That in addition to the foregoing acts of intentional concealment and fraud, these defendants are guilty of the following:
a) Failing to reveal and knowingly concealing critical medical information to your petitioner;
b) Failing to reveal and knowingly concealing the inherent dangers in the use of fiber and dust in their manufacturing process;
c) Failing to provide necessary protection to petitioner;
d) Other acts which may be revealed at the trial of this matter.
Defendants committed these intentional acts knowing full well that plaintiff's injuries were substantially certain to follow.
In a fact situation similar to that of the instant case, this Court held that "in the unique circumstances presented by cases of cumulative diseases such as silicosis, it is the contraction of the disease which creates a cause of action and not the later manifestation of the consequences of that disease." Faciane v. Southern Shipbuilding Corp., 446 So.2d 770, 773 (La. App. 4th Cir.1984). Where plaintiff alleges that he was exposed to the hazardous materials from 1957 to 1982 and only learned of his condition shortly before the filing of this petition in 1983, we believe plaintiff has alleged sufficient facts to state a cause of action under the provisions of the pre-1976 amendment to R.S. 23:1032. Faciane, supra; Quick v. Murphy Oil Co., 446 So.2d 775 (La.App. 4th Cir.1984), writ denied, 447 So.2d 1074 (La.1984).[1]
We also believe that plaintiff has sufficiently alleged facts which if true would support a cause of action against Dixie's officers for intentional tort. In Bazley, supra at 482, the Louisiana Supreme Court held that in determining whether an act was intentional so as exempt it from the exclusive remedy provisions of R.S. 23:1032, as amended, a court must determine whether "the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Intent may be pled generally and need not be particularized. C.C.P. art. 856; Mayer v. Valentine Sugars, Inc., supra.
In the instant case the petition, and more particularly paragraph XX, sufficiently alleges facts which if true would satisfy the pleading requirements of Bazley.
Accordingly, the trial court's ruling maintaining the exception of no cause of action filed by Dixie's executives, is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
NOTES
[1] In denying the writ application, the Louisiana Supreme Court noted:

The result, remanding the case to the district court for further proceedings, is correct. We decline, however, to express an opinion at this stage of the proceeding as to whether the date of "contraction" can be established with sufficient legal certainty to hold that the cause of action arises at that time. Such a determination necessarily requires expert testimony explaining how such time, or period of time, can be established. Until such a record is before the court, the issue cannot be fairly resolved.