BYRNES, Judge.
This is an appeal from a judgment granting a peremptory exception of no cause of action in a suit arising out of a fire which destroyed the office of appellant’s attorney. We reverse.
In December, 1983 the office of Ford T. Hardy, attorney for appellant, Top Services, Inc., was extensively damaged by a fire which was allegedly caused by the negligence of the several appellees. Among the items destroyed by the fire were numerous documents, invoices, receipts and related papers which appellant had gathered in order for Mr. Hardy to pursue a breach of contract suit on its behalf. In alleging the value of these documents, Top Services claimed that their destruction made prosecution of its suit so difficult that it was forced to settle for an amount considerably lower than would otherwise have been recovered.
The appellees filed peremptory exceptions of no cause of action urging that Louisiana law did not permit a plaintiff to recover damages caused by the negligent interference of third parties such as themselves in the performance of a contract for the plaintiff’s benefit. Appellees argued that Top Services was seeking this type of damage by suing them for losses resulting from the inability of its attorney to pursue the breach of contract claim he had been retained to pursue. The trial court agreed and granted the exception. We reverse.
For purposes of an exception of no cause of action, the allegations of the petition must be accepted as true. C.C.P. Art. 931. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). In assessing whether a petition states a cause of action, all *582 doubts should be resolved in favor of finding that it does and allowing the matter to proceed to a trial on the merits. Ward v. Pennington, 434 So.2d 1131 (La.App. 1st Cir.1983). Moreover, the exception should be maintained only where the allegations of fact in the petition disclose no cause of action on any ground whatsoever. Faciane v. Southern Shipbuilding Corp., 446 So.2d 770 (La.App. 4th Cir.1984).
Applying these principles to this case, we conclude that appellant’s petition stated a cause of action at least as to the loss of the documents themselves, which have a value of their own, independent of their settlement value. The petition in this case alleged that appellant’s property was destroyed in a fire caused by appellees. The fact that the petition also attempted to fix the value of that property by reference to its value in projected litigation does not change this essential fact. The cause of action in this case is for the negligent destruction of property.
The question of whether all the damages allegedly caused by the loss of these documents is recoverable is a matter more properly decided after a trial on the merits. It may well be that the damages appellant claims for “diminished settlement” are too remote to recover; however, the documents themselves clearly have some value and the petition clearly alleges this fact. To the extent appellant seeks to recover this value, its petition states a cause of action. The trial judge was wrong to conclude otherwise. We therefore reverse the judgment and remand the case for a trial on the merits. Costs of this appeal are to be divided equally among the parties.
REVERSED.