CANNELLA, Judge.
Plaintiff, Perry Smith, appeals from a judgment granting a Declinatory Exception Of Lack Of Subject Matter Jurisdiction in a workers compensation case involving the alleged occupational disease of silicosis. Plaintiff was formerly employed by defendant, Gretna Machine and Iron Works, now part of Trinity Marine Group, a division of Trinity Industries, Inc. (Trinity). During the time period in question herein, Trinity was insured by Reliance Insurance Company and Employer Casualty Company. We reverse and remand for further proceedings.
Plaintiff was employed as a sandblaster for thirteen years, ending with his diagnosis of silicosis and related diseases in 1991. He filed a disputed workers compensation claim against Trinity on October 22, 1991 and against its insurers on December 30, 1991. On May 13, 1992 defendants filed a Declinatory Exception Of Lack Of Subject Matter Jurisdiction, asserting that La.R.S. 23:1035.2 provides plaintiff’s sole remedy under the Longshore and Harbor Workers’ Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. On July 14, 1992 the hearing officer heard and granted the exception and on July 17, 1992 he signed the judgment which ordered plaintiff’s claim dismissed.
On appeal, plaintiff asserts that the hearing officer erred in dismissing his claim on the basis of the exception. He asserts that a cause of action for a progressive occupational disease accrues on the date the disease is contracted and that he contracted the illness prior to the effective date of the statute which limits the workers right to compensation relief to the LHWCA. Further, he asserts that the date he contracted the disease is a factual issue to be determined after a hearing or trial. Plaintiff cites a line of Louisiana Fourth Circuit, Court of Appeal, cases for this proposition: Faciane v. Southern Shipbuilding Corporation, 446 So.2d 770, 773 (La.App. 4th Cir.1984), Wallace v. Kraiser Aluminum and Chemical Corporation, 578 So.2d 206, 207 (La.App. 4th Cir.1991); Goodman v. Dixie Machine Welding and Metal Works, Inc., 467 So.2d 61, 64 (La.App. 4th Cir.1985); Quick v. Murphy Oil Co., 446 So.2d 775, 780 (La.App. 4th Cir.1984). See also: Owens v. Martin, 449 So.2d 448 (La.1984) and Cole v. Celotx Corp., 599 So.2d 1058 (La.1992).
*145 Defendants, on the other hand, contend that either the date that the illness manifests itself or the date of last exposure to the injurious condition is the proper date to use to determine the applicability of an amended law in workers compensation cases, citing White v. Johns-Manville Sales Corip., 416 So.2d 327 (La.App. 5th Cir.1982). They also cite Cole v. Celotx Corp., supra for an indication of how the Louisiana Supreme Court, which has not addressed the issue directly, may be inclined to resolve the question.
Defendants filed the exception with a memorandum, asserting that plaintiffs sole and exclusive remedy is under the LHWCA because he is a shipbuilder or repairer. The lack of subject matter jurisdiction is a declinatory exception under La. C.C.P. art. 925, on the trial of which, evidence may be introduced to support or controvert the objection, when the grounds do not appear from the petition. La.C.C.P. art. 930.
Jurisdiction over the subject matter is “the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La. C.C.P. art. 2. Under R.S. 23:1035.2 of the workers compensation statutes, “no compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act, or any of its extensions, or the Jones Act.” Said act was effective on January 1, 1990,
In reviewing the exception, the ruling and the record, we find that the grounds to support the exception do not appear on the face of the petition. Further, no evidence was introduced, attached or submitted to support the general conclusion of the petition. Consequently, since defendants, as movers, bear the burden of proof and they have provided insufficient proof, we find that the hearing officer was manifestly erroneous in granting the exception and we reverse the judgment granting the exception of lack of subject matter jurisdiction.
Accordingly, the judgment of the hearing officer is hereby reversed. The case is remanded for further proceedings.
Costs of this appeal to be paid by defendants.

REVERSED AND REMANDED.