643 So.2d 1316 (1994)
Luther DEMPSTER, Plaintiff/Appellant,
v.
AVONDALE SHIPYARDS, INC., Defendant/Appellee.
No. 94-CA-156.
Court of Appeal of Louisiana, Fifth Circuit.
September 27, 1994.
*1317 Perry J. Roussel, Jr., Gerolyn P. Roussel, LaPlace, for plaintiff/appellant Luther Dempster.
Blue Williams, L.L.P., Christopher M. Landry, Metairie, for defendant/appellee Avondale Shipyards, Inc.
Before KLIEBERT, C.J., and GRISBAUM and CANNELLA, JJ.
CANNELLA, Judge.
In a workers compensation case, plaintiff, Luther Dempster, appeals from a judgment, which granted the Declinatory Exception Of Lis Pendens And Lack Of Jurisdiction of defendant, Avondale Shipyards, Inc. (Avondale). We affirm the granting of the exception of lack of jurisdiction and the dismissal of plaintiff's action. We pretermit ruling on the granting of the exception of lis pendens.
Appellant was employed by appellee from 1952 until 1993, a period of forty-one years, until his retirement at age sixty-four. Until 1981, when he was diagnosed with asbestosis, appellant was primarily employed as an insulator and exposed to asbestos. Between 1981 and 1993, he worked as an assistant superintendent.
Many of appellee's employees fall within the federal Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C.A. § 901, et seq., because appellee builds and repairs ships, including Navy vessels, on the navigable Mississippi River. In this case, appellee believed that appellant was covered by the LHWCA and filed appropriate documentation with the U.S. Department of Labor, the administrator of the LHWCA. It also instructed appellant to file an Employee's Claim for Compensation with the labor department to preserve his compensation rights.
Appellant was employed by appellee until July, 1993 when, he claims, that he stopped working because of the progression of the disease. Appellee contends that appellant simply retired. In August, 1993, appellant made demand on appellee for workers compensation benefits under the Louisiana Workers Compensation Act, La.R.S. 23:1021 et seq. Benefits were refused and appellant filed a claim with the Office of Workers' Compensation (OWC) on September 3, 1993. Appellee filed a Declinatory Exceptions Of Lis Pendens And Lack Of Jurisdiction, which were heard on November 18, 1993. The hearing officer granted both exceptions on January 31, 1994.
On appeal, appellant's primary issue is whether the hearing officer erred in determining that, since he is covered by the LHWCA, the claim for workers compensation is foreclosed under La.R.S. 23:1035.2. He also contends that the hearing officer erred by, without a trial on the merits, making contested factual determinations that appellee provided benefits to him, when none were provided and that the disability occurred in 1993, rather than 1981.
Prior to the enactment of La.R.S. 23:1035.2, a worker who was covered by both the Louisiana Workers' Compensation Act and the LHWCA was allowed to seek benefits from either one or the other. Federal and state courts had concurrent jurisdiction and the compensation schemes were complimentary. See: Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980); Logan v. Louisiana Dock Co., Inc., 541 So.2d 182 (La.1989).
In 1989, the Louisiana legislature passed Act Number 454 which effectively eliminated the workers' choice of federal or state compensation, as had been set forth in Sun Ship and Logan. The act added La.R.S. 23:1035.2 to the Louisiana compensation act as follows:

No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshoremen's and Harbor Worker's Compensation Act, or any of its extensions, or the Jones Act. (Emphasis added).
For cases occurring after its enactment, if the employee meets the requirements of *1318 that act, the employee must file his compensation claim under the LHWCA. The question here is which law is applicable, act 454 of 1989 or the prior law. That question is answered when you determine which event produced appellant's cause of action, either his actual disability (in 1993) or the contracting of asbestosis (in 1981).
Appellant asserts that he has retained the right to choose between the LHWCA and the Louisiana Workers Compensation Act because the causative event was the contracting of asbestosis and diagnosis in 1981. Appellee argues that the operative event is disability under the language of both statutes. The hearing officer determined that the "keystone" to recovery of compensation benefits is disability. Thus, disability is the event which determines which law applies. We agree with the hearing officer.
There are no cases interpreting La.R.S. 23:1035.2 on this issue. Appellant cites numerous cases for the principle that the causative exposure giving rise to the injury determines the application of statutes. However, the cases cited by him involve a cause of action under tort law and, unlike workers compensation cases, a tort injury need not be disabling before a plaintiff may recover or sue for recovery. This differs from workers' compensation cases. There, a worker is not entitled to receive compensation under either the federal or state system after only contraction and diagnosis of a work-caused injury, in the absence of disability or death. See: La.R.S. 23:1221; La.R.S. 23:1031.1; La.R.S. 23:1231; 33 U.S.C.A. section 908 and 33 U.S.C.A. section 909; LaCoste v. J. Ray McDermott & Co., 250 La. 43, 193 So.2d 779, 781 (1967).
Disability is defined as the inability to perform the same or similar work that the employee was performing when injured. LaCoste at 782. In determining when prescription commences in an occupational disease case, the court in LaCoste stated that:
"The fundamental principle for the grant of compensation benefits is disability, i.e. factual disabilityfor without disability, save in certain special cases, no benefits are due". LaCoste at 781.
To reach its conclusion, the court relied on the purposes of the act in providing benefits to those injured by the contracting of an occupational disease and on the language of the prescriptive statute, La.R.S. 23:1031.1.
Mere knowledge that an employee has contacted an occupational disease is not a manifestation of the disability. Freeman v. Poulan/Weed Eater, 618 So.2d 618 (La.App. 2d Cir.1993), reversed in part on other grounds, 630 So.2d 733 (La.1994). And, if the employee continues "earning his full salary in the satisfactory performance of the very duties that he claims he is now disabled to perform", he is not disabled for purposes of receiving workers compensation benefits. LaCoste at 782. Thus, claims brought prior to disability are dismissed without prejudice. See: LaCoste, id.; Hebert v. Louisiana Department of Transportation and Development, 630 So.2d 318 (La.App. 5th Cir.1993).
We recognize that, for the benefit of the claimant, the workers' compensation act should be given liberal construction. See: Gales v. Gold Bond Bldg. Products, 493 So.2d 611, 615 (La.1986). However, the courts have interpreted the language of the workers compensation statute to premise recovery on disability, not simply on the occurrence of the injury, or, as appellant would have, on the causative exposure and diagnosis. In many cases, this conclusion benefits the worker, as when prescription is an issue. In others it may not, as in LaCoste and Hebert, where the claims were not ripe. (In LaCoste, plaintiff was denied benefits for silicosis while still working in his occupation as a sandblaster. In Hebert, plaintiff did not show a compensable disability for a lung dysfunction.) Thus, without disability, there can be no recovery. Therefore, we hold that a key event in determining whether to apply La.R.S. 23:1035.2, which removes the jurisdiction of Louisiana for cases covered by the LHWCA, or the pre-act law, which allows workers the choice of federal or state compensation, is the fact of disability. Accordingly, we find that the hearing officer did not err in granting the exception of lack of jurisdiction because disability controls the issue.
In regard to the issue of the hearing officer's findings of fact without a trial on the *1319 merits, we note that appellant assigns as error that the hearing officer improperly determined that he was disabled in 1993 and that he had received LHWCA benefits from 1981 to 1993. Nevertheless, appellant does not argue these errors. Under our rules, failure to brief a specification of error is deemed abandonment. Uniform Rules-Courts of Appeal, 2-12.4. However, we note that the record shows that in his petition, appellant asserts that he worked for appellee from 1952 through July 1993. He further asserts that, as a result of exposure to asbestos, he contracted asbestosis and other ill effects. As a result, he claims that he became either totally and permanently or permanently, partially disabled in July 1993 from performing the duties of the same or similar character in nature or description for which he was fitted by his education, training and experience. It is undisputed that he was diagnosed with the disease in 1981, but, he does not allege that he was disabled in 1981. By his own admission, the disability occurred when he was no longer able to perform his job in a satisfactory manner. See: Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122 (La.1986). Thus, the hearing officer did not err in finding that appellant was disabled in July, 1993. As for the allegation that the hearing officer determined that appellant had been provided LHWCA benefits, that allegation is not supported by the reasons for judgement. Thus, we find no error in that regard.
Finally, we note that appellant did not specify as error the hearing officer's granting of the exception of lis pendens. Thus, we will pretermit and not address this issue. Uniform Rules-Courts of Appeal, 2-12.4.
Accordingly, the judgment granting the exception of lack of jurisdiction is hereby affirmed with appellant to bear the costs of appeal.
AFFIRMED.
KLIEBERT, Chief Judge, Dissenting.
I respectfully dissent from the majority opinion.
Although there are no cases under LAS-R.S. 23:1035.2, other workers compensation cases have held that the law in effect at the time the cause of action accrues governs. Louisiana courts have consistently applied the "contraction" theory to determine when a cause of action arises to apply the appropriate law. Faciane v. Southern Shipbuilding, 446 So.2d 770 (La.App. 4th Cir.1984); Wallace v. Kaiser Alum., 578 So.2d 206 (La.App. 4th Cir.1991). Also, once a party's cause of action accrues, it becomes a vested property right that may not be constitutionally divested. Cole v. Celotex, 599 So.2d 1058 (La. 1992).
At the time plaintiff contracted the disease, Louisiana law allowed him to file a workers compensation claim even though he had a similar claim under the federal law. Thus, his cause of action accrued prior to the 1989 amendment.
In my view, therefore, I would reverse the trial court sustaining the exception.