646 So.2d 1096 (1994)
Perry SMITH
v.
GRETNA MACHINE AND IRON WORKS.
No. 94-CA-369.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1994.
M.H. Gertler, Rodney P. Vincent, Marcia Finkelstein, New Orleans, for plaintiff/appellant, Perry Smith.
Peter L. Hilbert, Jr., Dorothy S. Watkins, McGlinchey, Stafford, Lang, New Orleans, for defendant/appellee, Gretna Mach. & Iron Works.
Before WICKER and GOTHARD, JJ., and BOUTALL, J. Pro Tem.
JOHN C. BOUTALL, Judge Pro Tem.
Plaintiff/appellant, Perry Smith, appeals a judgment of the Office of Worker's Compensation granting an exception of lack of jurisdiction over the subject matter in favor of defendant, Gretna Machine and Iron Works (now part of Trinity Industries, Inc.). We affirm.

FACTS
Plaintiff was employed as a sandblaster for thirteen years, which employment ended with his diagnosis of silicosis and related disease in 1991. He filed a disputed worker's compensation claim against Trinity in 1991 and later against its insurer. An exception of lack of subject matter jurisdiction was filed by defendants asserting that under La. R.S. 23:1035.2, plaintiff's sole remedy is the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. 901 et seq. The exception was originally heard and maintained in 1992.
That judgment was appealed to this Court in Smith v. Gretna Machine and Iron Works, 617 So.2d 144 (La.App. 5 Cir.1993). *1097 We found there that the grounds to support the exception did not appear on the face of the petition and, further, that no evidence was introduced, attached or submitted to support the general conclusion of the petition. Concluding that defendants had failed to carry their burden of proof, we reversed and remanded the matter for further proceedings.
In September of 1993, defendants renewed their jurisdictional exception. Along with its supporting memorandum, defendants attached a portion of plaintiff's deposition, which excerpt showed that Smith's employment had been as a sandblaster and painter of barges. Also attached was an affidavit from Kenneth Boothe, plant manager at defendant's company, to the effect that plaintiff's employment at Gretna had been as a sandblaster/painter working on new construction and repairing existing vessels. Finally, medical reports from Dr. Morton Brown diagnosed Smith as suffering from silicosis, rheumatoid arthritis, and a "lupus type of reaction." The report stated that all conditions are known to be caused by silica crystals. Smith did not introduce any evidence to rebut his employment status.
Following argument on the exception, the trial court again granted judgment in favor of defendants. No reasons for judgment or other findings were made.
The second appeal on the same exception is now before us. Because the case was originally remanded to permit the taking of necessary and pertinent evidence, we will now dispose of the matter on whatever evidence the parties have chosen to submit.
In the present action, Smith urges that the court was erroneous in that it retroactively applied La.R.S. 23:1035.2 to his case, since his cause of action arose prior to the enactment of that statute. It is further alleged that the judge erred in failing to find that the cause of action for silicosis accrued when the disease was contracted, and in refusing to conduct an evidentiary hearing on the issue of when he, Smith, did contract the disease.

ANALYSIS
La.R.S. 23:1035.2 reads as follows:
No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshoremen's and Harbor Worker's Compensation Act, or any of its extensions, or the Jones Act.
This statute was added by Acts 1989 and became effective January 1, 1990.
Prior to enactment of La.R.S. 23:1035.2, Louisiana courts had concurrent jurisdiction with the federal courts to hear matters which fell under the LHWCA. See Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La.1976); Thompson v. Teledyne Movible Offshore Inc., 419 So.2d 822 (La.1982). See also Green v. Industrial Helicopters, Inc., 593 So.2d 634 (La.1992) (the "twilight zone" underlies the "maritime but local" doctrine allowing concurrent jurisdiction).
Under the above cited jurisprudence, plaintiff, Perry Smith, a sandblaster/painter of vessels, fell into the "twilight zone" of concurrent jurisdiction of federal and state courts. La.R.S. 23:1035.2 now divests the state of concurrent jurisdiction in LHWCA situations; it has removed the choice of law forum. The issue in the present case is not the retroactive aspect of that law, rather, our inquiry is directed to the applicable date on which a claim for worker's compensation arises with respect to the disability of the employee. That is, whether the disability claim arose while the plaintiff still had a "choice of law," or whether it arose under the present statute excluding worker's compensation claims.
In the very recent case of Dempster v. Avondale Shipyards, Inc., 643 So.2d 1316 (La.App. 5 Cir.1994), a panel of this Court had before it the question which we entertain in this appeal. There, the plaintiff was a victim of asbestosis whose claim for worker's compensation had been dismissed on an exception of lack of jurisdiction. The court discussed the contraction of occupational diseases and disability in order to determine when a claimant is eligible for benefits. After examining the pertinent jurisprudence, we recognized that in compensation cases, recovery is premised on disability, "... not simply on the occurrence of the injury, or, as *1098 appellant would have, on the causative exposure and diagnosis.... Thus, without disability, there can be no recovery. Therefore, we hold that a key event in determining whether to apply R.S. 23:1035.2, which removes the jurisdiction of Louisiana for cases covered by the LHWCA, or the pre-act law, which allows workers the choice of federal or state compensation, is the fact of disability."
Appellant avers that he could prove at a hearing that he contracted the disease before the effective date of the statute, citing Faciane v. Southern Shipbuilding Corp. 446 So.2d 770 (La.App. 4 Cir.1984) for the proposition that a cause of action for a latent occupational disease accrues upon contraction of the disease. Faciane involved an executive officer tort suit, and dealt with accrual of a delictual cause of action for silicosis. Unlike the present case, it did not involve determination of a cause of action in compensation, nor did it involve La.R.S. 23:1035.2. In White v. Johns-Manville Sales Corp., 416 So.2d 327 (La.App. 5 Cir.1982), this Court considered the correct date for determining the rate of compensation payable to a claimant. There, we found that "the date of disability is the correct time in which to determine the compensation rate...". We also found that the date of the manifestation of the disease is the correct time from which to award compensation. While White did not involve the statute presently before us, we may analogize it and find it as being consistent with Dempster since, in White, the date of manifestation of the disease and the time of disability were found to be the same.
Cole v. Celotex Corp. 599 So.2d 1058 (La. 1992) also dealt with occupational disease, but as in Faciane, here the Supreme Court did so in connection with an executive officer tort suit. While the Cole case has its roots in compensation, that particular suit involved a claim against executive officers and their insurers. In tort, the mere fact of injury suffices to give rise to a cause of action. The court found that the "key relevant events giving rise to a claim in long-latency occupational disease cases are the repeated tortious exposures resulting in continuous, ongoing damages, although the disease may not be considered contracted or manifested until later." (emphasis supplied). The Cole court specifically left open the scenario with which we are presently concerned. (See Id. at 1076 n. 54). Therefore, Cole is not dispositive of the present case.
Accordingly, adhering to the principles enunciated in Dempster, supra, and White, supra., we again declare that the relevant date for determining a claim in worker's compensation is the date that the worker becomes disabled due to his condition caused by his employment. Based on all the evidence presented for the hearing on the exception, it appears that plaintiff's disease became disabling in July, 1991, when he received his diagnosis, or in May, 1991, the date plaintiff gave on his petition for compensation as the date of his injury/illness.
Therefore, for purposes of worker's compensation, plaintiff became disabled after the effective date of the amendment and is barred from pursuing a claim for Louisiana Worker's Compensation benefits. The trial court correctly granted defendant's exception of lack of subject matter jurisdiction.
For the foregoing reasons the judgment appealed from is affirmed. Costs are assessed to appellant.
AFFIRMED.