BARRY, Judge.
Joseph Hurst sued his employer and its executive officers for damages arising from asbestosis. The trial court denied a motion for summary judgment filed by executive officer Joseph Ruppel and The Travelers Insurance Company. Ruppel and Travelers seek review of that ruling.
Hurst worked as a “laborer/refractory man/boilermaker” for Boland Machine & Manufacturing Company from 1950 through 1971. Boland Machine was sold and renamed Boland Marine & Manufacturing. Hurst continued his employment with Boland Marine from 1971 until 1980 when he retired. Ruppel was an employee and executive officer of Boland Marine.
Hurst was diagnosed with asbestosis on September 9, 1994 and filed this suit on October 28, 1994. In September 1995 Hurst died of prostate cancer.[1] His siblings were substituted as party plaintiffs and asserted a survival action.
RRuppel and Travelers argue that Hurst’s exclusive remedy is under the Long-shore and Harbor Workers’ Compensation Act, under which an employee entitled to compensation benefits may not sue a co-employee or executive officer. 33 U.S.C. § 933(i). The Louisiana Workers’ Compensation Act allowed an injured worker to sue an executive officer prior to 1976 when the legislature amended La. R.S. 23:1032 to prohibit such suits. Acts 1976, No. 147, § 1.
Ruppel and Travelers rely upon La. R.S. 23:1035.2:
No compensation shall be payable in respect to the disability or death of any employee covered by the ... Longshoremen’s and Harbor Worker’s Compensation Act....
Prior to the amendment of § 1035.2 by Acts 1989, No. 454, § 2 (effective January 1, 1990) a worker covered by the LHWCA and the Louisiana Workers’ Compensation Act had the option of selecting a remedy under either Act. This Court must decide whether the 1990 amendment applies to Hurst’s claim.
In Quick v. Murphy Oil Co., 446 So.2d 775 (La.App. 4th Cir.) (on reh.), writs den. 447 So.2d 1074 (La.1984), this Court considered whether the 1976 amendment of La. R.S. 23:1032 barring executive officer suits under the Louisiana Workers’ Compensation Act applied to plaintiffs executive officer suit. The plaintiff alleged he was exposed to asbestos from 1955 to 1980 and was diagnosed with asbestosis in 1980. Quick held that the plaintiffs tort cause of action accrued when the disease was contracted and injury sustained. That was before diagnosis and the prohibition of executive officer suits in Louisiana.
It would be the purest fiction to assert that no injury has occurred before the date of manifestation. Injury occurred when the cumulation of exposure reached the point where the plaintiff contracted the disease.
Id., 446 So.2d at 779, quoting Faciane v. Southern Shipbuilding Corp., 446 So.2d 770 (La.App. 4th Cir.1984), which determined accrual of a plaintiffs cause of action for an executive officer tort arising from silicosis. Therefore, the 1976 amendment to R.S. 23:1032 did not apply.
Two cases from the Louisiana Fifth Circuit held that La. R.S. 23:1035.2 applied to a claim for disability benefits when the employee became disabled after the effective date of that statute. Smith v. Gretna Machine & Iron Works, 94-369, p. 6 (La.App. 5 Cir. 11/16/94), 646 So.2d 1096, 1098; Dempster v. Avondale Shipyards, Inc., 94-156, p. 4 (La.App. 5 Cir. 9/27/94), 643 So.2d 1316, 1318, writ den. 94-2645 (La.1/27/95), 649 So.2d 380.
In Dempster the plaintiff was diagnosed with asbestosis in 1981 and became disabled in 1993. The court rejected the traditional tort analysis that causative exposure giving rise to the injury determines the applicability *859 of a statute. Instead, the court reasoned that plaintiffs entitlement to disability benefits did not arise until he became disabled. Because that was after the effective date of Act 454, his claim for disability benefits was exclusively under the LHWCA. Dempster, 643 So.2d at 1318.
Smith v. Gretna Machine & Iron Works, supra, applied Dempster to a disability claim arising from silicosis. Significantly, Smith distinguished Faciane v. Southern Shipbuilding Corp., supra, because a tort claim arises with injury whereas a compensation claim arises with disability. We distinguish Dempster and Smith on that same basis and apply Faciane and Quick.
This Court has no medical evidence as to when Hurst contracted the disease. However, it is not disputed that he retired in 1981 prior to the effective date of La. R.S. 23:1035.2. Ruppel and Travelers do not contest the 14dates of Hurst’s alleged exposure. Applying the law in effect prior to the amendment of § 1035.2, Hurst had the option to pursue his remedy under the Louisiana Workers’ Compensation Act.
Alternatively, Ruppel and Travelers argue that federal law preempts state law to the extent there is a conflict.
Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La.1976) held that when federal and state remedies operated concurrently a plaintiff could use state law even if the relief thereunder exceeded that of federal law. Poche was fatally injured while working in shipyard construction entirely over . land. His survivors sued his employer, Avondale, and certain Avondale executives under the Louisiana Workers’ Compensation Act, La. R.S. 23:1101. The issue was whether a worker covered by the LHWCA could elect state workers’ compensation remedy; if so, whether that state remedy must be applied in its entirety or only insofar as its provisions are compatible with federal legislation. The trial and appellate courts held that because plaintiffs were entitled to benefits under the LHWCA, benefits under the Louisiana Workers’ Compensation Act were excluded. The Louisiana supreme court reversed.
Defendants in Poche argued that federal law controlled because the state and federal remedies were in direct conflict insofar as state law allowed a claim against fellow employees and executive officers. (Under federal law, compensation was the exclusive remedy. 33 U.S.C. § 933(i).j Rejecting that argument, the court stated:
(O)nee the initial determination was made that the LH[W]CA and state compensations statutes could operate concurrently, [it is] error to reexamine the question of state-federal conflict with respect to particular provisions of the acts.... To hold ... that a plaintiff may elect state law but only insofar as the rights accorded thereunder do not exceed those provided in the federal scheme is to render meaningless the right to make the initial elections.
In sum, it is our opinion that the 1972 amendments to the LH[W]CA were intended to provide additional benefits for land-based maritime workers rather than to deprive them of rights and remedies which they already had.... Until this court is confronted with authority to the contrary, we decline to hold that the compensation law of this state is preempted from operating in an area of traditionally local concerns.
Poche, 339 So.2d at 1221.
Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980) did not diminish Poche. Sun Ship held the availability of a remedy under LHWCA did not preclude concurrent state coverage.
Ruppel and Travelers cite jurisprudence from other jurisdictions which disagree with Poche; however, Poche has not been modified and controls.
There is no basis for summary judgment.

WRIT GRANTED; AFFIRMED.

. The cancer was diagnosed in 1993. There is no allegation it was related to the asbestosis.