876 So.2d 108 (2004)
Fred HAYES and Shirley Hayes
v.
EAGLE, INC., Formerly Known as Eagle Asbestos and Packing Company; T.L. James & Co., Inc., As Successor in Interest to Williams McWilliams; Garlock, Inc.; The Anchor Packing Company; A.W. Chesterton Company; John Crane, Inc.; Uniroyal, Inc., et al.
No. 2003-C-1575.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 2004.
*109 Daniel J. Caruso, James A. Burton, Simon, Peragine, Smith & Redfearn, L.L.P., Samuel M. Rosamond, III, Crawford Lewis, PPLC, New Orleans, LA, for Plaintiffs/Appellees, Fred Hayes and Shirley Hayes.
John T. Waldron, III, Kirkpatrick & Lockhart, LLP, Pittsburg, PA, John J. Hainkel, III, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for Defendant/Appellant, Eagle, Inc.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, and Judge MICHAEL E. KIRBY).
CHARLES R. JONES, Judge.
The Appellant, Zapata Corporation, appeals the judgment of the district court dated May 15, 2003, denying its motion for partial summary judgment and granting the motion for summary judgment in favor of the Appellee, CGU Insurance Company. We affirm the judgment of the district court.
Fred Hayes and Shirley Hayes contend that Mr. Hayes contracted an asbestos related disease while working for Williams-McWilliams. The Hayes family sought damages under the laws of maritime recovery and the Jones Act via a direct suit against Zapata Corporation, the alleged successors of interest to Williams, and CGU, the liability insurer of Williams. They alleged in their suit that Zapata was liable to them for Mr. Hayes' asbestos related injuries and that CGU provided the liability insurance to Zapata. Zapata then filed a cross-claim against CGU alleging that it was entitled to coverage under policies issued by CGU to Williams-McWilliams.[1] Both Zapata and CGU filed cross-motions for summary judgment. Zapata's motion was denied and CGU's motion was granted. Zapata asks that this Court reverse the district court's judgment and enter summary judgment in its favor.
Although Zapata offers four assignments of error, this case arises out of a contractual dispute, i.e., the insurance policy issued to Williams, therefore, this Court finds that the sole issue on appeal is whether Zapata is covered under the policy. Because the judgment in which Zapata seeks review is a denial of a motion for summary judgment, we must conduct a de novo review. The duty of a court of appeal is to review a summary judgment de *110 novo, considering the same standards applied by the trial court in deciding a motion for summary judgment. Reynolds v. Select Properties Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180. Whether or not a true "material fact" exists causing the granting of a motion for summary judgment to be improper is based on whether a fact "whose existence or nonexistence may be essential to appellant's cause of action under the applicable theory of recovery, i.e. one that would matter on trial of the merits." Moyles v. Cruz, 96-0307 (La.App. 4 Cir. 10/16/96), 682 So.2d 326, writ denied, 96-3066 (La.2/7/97), 688 So.2d 504; Moody v. City of New Orleans 769 So.2d 670, 671, XXXX-XXXX, 2 (La.App. 4 Cir.2000).
Zapata contends that CGU improperly denied coverage under policy # E35344 and policy # WCE119116006. Zapata argues that because the exclusions relied upon by CGU were never in, nor were deleted from policy # E3544, CGU failed to establish the existence of primary coverage.
Zapata further argues that CGU issued policy # E35344 and # WCE119116006 from April 1962-April 1963 providing coverage for any liability of the policyholder for damages for bodily injury allegedly sustained by an employee of the policyholder during his employment. They maintain that the complaint filed by Mr. and Mrs. Hayes alleges that Zapata is liable for the bodily injury that Mr. Hayes incurred as a result of his employment from 1956-1970, and therefore, CGU is obligated to provide coverage to Zapata.
However, CGU argues that policy # WCE119116006 provides coverage in worker's compensation and employers' liability. As Mr. Hayes did not bring a claim for workers' compensation, CGU maintains that section (A) of this policy does not apply. Further, CGU argues that the language of the remainder of the policy (section B) required that Mr. Hayes' last day of exposure to asbestos, had to occur during the policy period and that his claim for damages had to have been made within 36 months of the end of the policy period.
In the interpretation of contracts, the trial court's interpretation of the contract is a finding of fact subject to the manifest error rule. Grabert v. Greco, 95-1781, (La.App. 4 Cir. 2/29/96), 670 So.2d 571, 573. In applying the manifest error rule to the trial court's interpretation, the Court of Appeal may not simply substitute its own view of the evidence for the trial court's view, nor may it disturb the trial court's finding of fact so long as it is reasonable. Syrie v. Schilhab, 96-1027, (La.5/20/97), 693 So.2d 1173. In such cases, appellate review of questions of law is simply to determine whether the trial court was legally correct. When there is a question of whether the words of a contract are "clear and explicit" or ambiguous, the legal question is constrained to a determination of whether the trial court's interpretation is legally correct or incorrect. McCrory v. Terminix Service Co., Inc., 609 So.2d 883 (La.App. 4 Cir.1992); Terrebonne Fuel Lube, Inc. v. Placid Refining Co., 93-2364 (La.App. 4 Cir. 10/2/96), 681 So.2d 1292, writ denied, 96-2625 (La.12/13/96), 692 So.2d 1066.
In analyzing contracts, we are guided by the general rules contained in articles 2045-2057 of the Louisiana Civil Code. The interpretation of a contract is the determination of the common intent of the parties. La. Civ.Code art.2045. To ascertain the parties' intent, the court must first look to the words and provisions of the contract. Amend v. McCabe, 95-0316 (La.12/1/95), 664 So.2d 1183. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be *111 made in search of the parties' intent. La. Civ.Code. art.2046. To wit, when the language of the contract is unambiguous, the letter of the clause should not be disregarded under the pretext of pursuing its spirit. La. Civ.Code art.2046, comment (b); Cashio v. Shoriak, 481 So.2d 1013, 1015 (La.1986); Amoco Production Co. v. Fina Oil & Chemical Co., 95-1185 (La.App. 1 Cir. 2/23/96); 670 So.2d 502; Bartlett Const. Co., Inc. v. St. Bernard Parish Council 763 So.2d 94, 97-98, XXXX-XXXX (La.App. 4 Cir. 5/31/00), (La.App. 4 Cir.2000).
In the instant case, the policy provisions in question read as follows:
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at anytime resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada, by an employee of the insured arising out of and in the course of his employment by the insured ... (coverage B)
The policy exclusion reads:
Under coverage B, to bodily injury by disease unless prior to thirty six months after the end of the policy period written claim is made or suit is brought against the insured for damages because of such injury or death resulting therefrom....
At trial, Mr. Hayes testified that he was exposed to asbestos until 1968, and that the CGU policy provided coverage until 1963. However, the language in the policy is clear and unambiguous. Since Mr. Hayes left work at Williams-McWilliams in 1968 and filed suit in 2000, his claim was barred by the 36 month exclusion. Further, Zapata's argument that the exclusion in which CGU relies on refers to "bodily injury by disease" NOT "bodily injury by accident" or "bodily injury by occurrence" is far reaching and lacks merit on its face.
Zapata also argues that CGU's responsibility under the policy was "broadened" from "accident" based policies and "occurrence" based policies, and thus provide coverage to Zapata. Zapata relies on the above argument, once again, to establish that Mr. Hayes' claim arises out of an "occurrence" and thus falls within the scope of the insurance grant under the general liability policies. CGU maintains that Zapata is seeking coverage under comprehensive liability policies that clearly are not aimed at this type of injury. We rely upon the clear language of the contract. The policy clearly defines coverage B as bodily injury other than automobile with the following exclusions:
This policy does not apply to:
(f) under coverage A and B, to any obligation for which the insured or any carrier as his insurer may be held liable under workmen's compensation, unemployment compensation, or disability benefits law, or under any similar law:
(h) under coverage B, except with respect to liability assumed by the insured under a contract as defined herein to bodily injury or to sickness, disease, or death of any employee of the insured arising out of and in the course of his employment by the insured.
Zapata also argues that the exclusions do not apply because the claims asserted by Mr. and Mrs. Hayes "are based on the ownership of an unseaworthy vessel, not on an employer-employee relationship." However, the record reveals that Mr. Hayes was working with Williams-McWilliams as an "employee" and the language of the policy clearly states that there is no coverage for injuries to the insured's employees under any circumstances so long as the injury was suffered during the course and scope of the employment of the *112 insured. Thus Zapata's argument lacks merit here as well.
Finally, Zapata maintains that CGU is estopped, under Louisiana jurisprudence, from raising the defense of non-coverage. Zapata argues that CGU never denied coverage, and simply requested copies of the employer's liability policies. Zapata relies on Steptore v. Masco Constr. Co., 643 So.2d 1213 (La.1994) maintaining that waiver of the defense against insurance occurred when CGU failed to timely raise the defense for a year and a half. CGU relies on Farm Credit Bank of Texas v. Fireman's Fund Insurance Co., 822 F.Supp. 1251 (W.D.La.1993), affirmed, 50 F.3d 1033 (5th Cir.1995) whereby the plaintiff argued that there was misleading conduct and evidence of waiver offered by the defendant. The Court held in favor of the defense finding that its actions were not inconsistent in forming a defense of coverage.
In the instant case, the request for policies by CGU is enough to show that it was not outright accepting responsibility and therefore, not estopped from using lack of coverage as a defense. Therefore, this argument of Zapata is without merit.

Decree
For the reasons stated herein, the district court did not err in denying the motion for partial summary judgment as to Zapata Corporation, and granting the motion for summary judgment in favor of the CGU Insurance Company, as the insurance coverage speaks for itself.
AFFIRMED.
MURRAY, J., Concurs and Assigns Reasons.
MURRAY, J., CONCURS AND ASSIGNS REASONS.
I agree that there is no coverage under either employer's liability policy because the plaintiff did not file suit within the stipulated time limits. I also agree that coverage for the plaintiff's injury is excluded by the comprehensive general liability policy, which covers liability to third parties, not to employees with work-related injuries. For these reasons, I concur in the result reached by the majority.
NOTES
[1] The Appellants argue that Zapata is the successor-in-interest to Williams a/k/a Williams-McWilliams