| JERRY MAY, PERRY MAY, | * | NO. 2024-CA-0272 |
|---|---|---|
| DAVID MAY, VERNELL MAY | | |
| ESPA, AND IRMA MAY | * | COURT OF APPEAL |
| TAYLOR | | |
| | * | FOURTH CIRCUIT |
| VERSUS | | |
| | * | STATE OF LOUISIANA |
| COOPER/T. SMITH | | |
| STEVEDORING COMPANY, | * | |
| INC., ET AL. | | |
| | * | |

\* \* \* \* \* \* \*

KKH

**HERMAN, J. DISSENTS WITH REASONS**

I respectfully dissent from the majority's opinion. At the outset, I find that *Ehlers v. Ports America Gulfport, Inc.*, 2023-0575 (La. App. 4 Cir. 5/16/24), 401 So.3d 159, to which the majority relies upon, is distinguishable. In *Ehlers*, we determined that based on the evidence presented, or lack of evidence, the defendant, Louisiana Insurance Guaranty Association ("LIGA"), failed to carry its burden to show that the policies issued to Mr. Ehlers' employer (SSA Gulf, Inc.) actually contained Exclusion (e). In that proceeding, LIGA filed a motion for summary judgment asserting that all pertinent WC/EL policies issued to SSA Gulf, Inc. utilized the NCCI Standard Form Policy which included the 36-month exclusion.[1] Plaintiffs filed an opposition, arguing that LIGA was unable to produce the actual policies or provide other competent evidence of the policy language. The trial court agreed, denying LIGA's motion for summary judgment. We affirmed that ruling.

In the present case, however, it is evident from the record that plaintiffs never questioned the existence (or content) of the Standard Form Policies that Liberty Mutual and ENIC issued to La. Stevedores, Inc. in either their motion for summary judgment or in opposition to the cross-motions for summary judgment.

---

[1] It has been recognized that in many asbestos related disease cases where the insurers had become insolvent over the years, the actual policies could not be located.

1

In fact, the record demonstrates that plaintiffs included an excerpt of the Standard Form Policy – containing Exclusion (e) – as an exhibit in their opposition to the cross-motions for summary judgment. Based on a *de novo* review, I find that the defendants met their burden of proof to show that the policies in question contained Exclusion (e).

Moreover, unlike in *Ehlers*, plaintiffs have raised this issue for the first time on appeal. "Appellate courts generally find it inappropriate to consider an issue raised for the first time on appeal that was not plead, urged, or addressed in the court below." *Graubarth v. French Mkt. Corp.*, 2007-0416, p. 5 (La. App. 4 Cir. 10/24/07), 970 So.2d 660, 664 (citing *Johnson v. State,* 2002-2382, p. 4 (La. 5/20/03), 851 So.2d 918, 921).

Additionally, I disagree with the majority's position that we are bound by *Faciane v. Southern Shipbuilding Corp.*, 446 So.2d 770, 773 (La. App. 4th Cir.1984) to find that Exclusion (e) is ambiguous. In *Faciane*, a silicosis case, the Court found that genuine issues of material fact as to the classification of plaintiff's injury existed, stating only, "[t]o say the least this definition is unclear." *Id*. at 774. However, more recently, in *Hayes v. Eagle, Inc.*, 2003-1575, p. 5 (La. App. 4 Cir. 5/12/04), 876 So.2d 108, 111, this Court specifically determined that the policy language contained in Exclusion (e) was "clear and unambiguous." Thus, the plaintiff's claim for asbestos exposure was barred by the thirty-six-month exclusion. Again, in *Courville v. Lamorak*, 2020-0073 (La. App. 4 Cir. 5/27/20), 301 So.3d 557, we held that Exclusion (e) applied to bar the plaintiffs' asbestos claims based on the thirty-six month time period.

Considering this Court's two most recent pronouncements in *Hayes* and *Courville*, finding Exclusion (e) applicable to bar claims for asbestos related diseases, I would affirm the February 5, 2024 judgment denying plaintiffs' motion

2

for summary judgment and granting the cross-motions for summary judgment filed by Liberty Mutual and LIGA.